

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. AP–76,867

**EX PARTE JOE ANTHONY VALDEZ, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS FROM BEXAR COUNTY

MEYERS, J., delivered the opinion for a unanimous Court. JOHNSON, J., filed a concurring opinion.

## O P I N I O N

Applicant, Joe Anthony Valdez, was adjudicated as a juvenile for committing murder with a deadly weapon, a first-degree felony under Texas Penal Code Section 19.02. He received a determinate sentence of fifteen years. Applicant was committed to the Texas Youth Commission (TYC) until his eighteenth birthday and was then transferred by the juvenile court to Texas Department of Criminal Justice (TDCJ) to complete his sentence.[1] He was released from TDCJ on parole. His parole was later

---

[1]Texas Youth Commission is now referred to as the Texas Juvenile Justice Department.

revoked for burglary of a habitation with the intent to commit assault, a second degree felony under Texas Penal Code Section 30.02. He pled nolo contendre to the offense and was sentenced to sixteen years' imprisonment. Applicant filed an application for writ of habeas corpus, contending that TDCJ is improperly denying him review for mandatory-supervision release based on his prior juvenile adjudication of delinquent conduct.

The trial court entered findings of fact and conclusions of law culminating with the following:

> If the Court finds that Applicant's juvenile adjudication became a first-degree felony conviction of murder upon transfer to TDCJ, this Court recommends that this application be DENIED. However, if the Court finds that Applicant's juvenile adjudication did not become a first-degree felony conviction for murder upon transfer to the custody of the Texas Department of Criminal Justice, then it is recommended that this application be GRANTED and Applicant should be evaluated for release on mandatory supervision.

We filed and set this application to determine "whether a prior juvenile adjudication for conduct, that would have been an ineligible felony had it been committed by an adult, renders an inmate ineligible for mandatory-supervision review when serving subsequent offenses which are mandatory release eligible on their own." We deny relief.

## ARGUMENTS OF THE PARTIES

### A. Applicant's Arguments

Applicant argues that juvenile adjudication did not render him ineligible for mandatory-supervision review because he was not *convicted* of an offense under Texas Code of Criminal Procedure Article 42.12, Section 3g or Texas Penal Code Section

19.02.[2]  Although Applicant was transferred to TDCJ to complete his juvenile sentence, the transfer was done by juvenile court and was not a stage in a criminal prosecution. Juvenile adjudication is civil in nature and Applicant was not transferred to criminal court for any part of his juvenile proceeding.  Applicant says that he is eligible for release on mandatory supervision from his adult conviction because he was not paroled from TYC, rather he was transferred from TYC to TDCJ.  And, because he was not paroled from TYC, he was not deemed to have been convicted of the juvenile offense under Texas Government Code Section 508.156(f).  Applicant points out that the legislature has authorized that a prior juvenile adjudication may be used only in limited situations for punishment enhancement, sex-offender registration, and involuntary civil commitment. Applicant asserts that habeas corpus is the proper remedy for relief from the collateral consequences on the improper use of a prior juvenile adjudication.  He argues that Texas Government Code Sections 499.053(c) and 508.156(f) are clear and unambiguous and that, under the code as construed in context according to the rules of common usage, he was neither transferred from TYC to TDCJ on his burglary sentence nor released from TYC on parole on his murder sentence.  Applicant concludes that the legislature did not intend for his prior adjudication for murder to disqualify him from consideration for

_____

[2]*See* Texas Government Code Section 508.149(a): "an inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of: (1) an offense for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure; (2) a first degree felony or a second degree felony under Section 19.02, Penal Code . . . ."

mandatory-supervision release on his burglary sentence.

**B. State's Arguments**

The State argues that a prior juvenile adjudication is a conviction for purposes of mandatory-supervision review and that Applicant is ineligible for mandatory-supervision review while he is serving a subsequent sentence. The State says that, while juvenile adjudication is not usually considered a conviction, such an interpretation for purposes of mandatory-supervision review would lead to an absurd result. Citing Texas Government Code Section 508.156(f), the State argues that both a juvenile released on parole from TYC after serving a sentence for one of the offenses in Section 508.149 and an adult with a prior conviction for one of those offenses would be ineligible for mandatory-supervision review. The State notes that Applicant was transferred to TDCJ because he aged out of TYC and says that his argument that the act of transfer of custody renders him eligible for mandatory-supervision review ignores Government Code Section 499.053(c).[3] The State says that Applicant's prior adjudication for the offense of murder is a felony conviction and the ineligibility provisions of mandatory-supervision review apply to him. According to the State, Applicant's interpretation of the law would mean that the ineligibility statute would not cover juvenile offenders who are too old to be eligible for

---

[3]Texas Government Code Section 499.053(c) relates to transfers from the Texas Juvenile Justice Department to TDCJ and states, "All laws relating to good conduct time and eligibility for release on parole or mandatory supervision apply to a person transferred to the department by the Texas Juvenile Justice Department as if the time the person was detained in a detention facility and the time the person served in the custody of the Texas Juvenile Justice Department was time served in the custody of the department."

parole from TYC and too young to be tried as adults, so they are eligible for mandatory-supervision review in a subsequent offense, while younger offenders who commit the same offense and are paroled from TYC would be ineligible for mandatory-supervision review, as would adults who have committed the same offense. The State says that this is a result that could not have been intended by the legislature. The State argues that due to the absurd result, this Court should consider extraneous sources.

The State notes that Texas Government Code Section 499.053 allows for transfer from the Texas Juvenile Justice Department to TDCJ and applies adult rules of parole and mandatory-release eligibility. According to the State, the legislature amended mandatory-supervision law so that a prior conviction for serious offenses rendered a person ineligible in a subsequent offense and amended juvenile-justice law to provide that a juvenile released from TYC on parole is deemed to have been convicted of the adjudicated offense. *Citing* TEX. GOV'T. CODE §§ 508.149 and 508.156(f). Thus, juveniles who are adjudicated of certain violent offenses or offenses that include a deadly weapon finding who are transferred to TDCJ from TYC are not eligible for mandatory supervision. Because juveniles are afforded constitutional protections in adjudication hearings in determinate-sentence cases, the State argues that it is reasonable to conclude that the legislature intended to consider a prior juvenile adjudication to be a prior conviction when reviewing mandatory-supervision eligibility in a subsequent offense.

The State concludes that a prior adjudication for conduct that would have been an

ineligible felony had it been committed by an adult falls within the meaning of a prior conviction for the purpose of mandatory-supervision review and renders the person ineligible when serving a sentence for a subsequent offense.

**ANALYSIS**

Eligibility for mandatory supervision is determined by the law in effect on the date that the inmate committed the offense. *Ex Parte Hernandez*, 275 S.W.3d 895 (Tex. Crim. App. 2009). When Applicant committed the burglary-of-a-habitation offense in 2007, Texas Government Code Section 508.149 stated in relevant part:

> (a) An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of:
> (1) an offense for which the judgment contains an affirmative finding under Section 3(g)(a)(2), Article 42.12, Code of Criminal Procedure;
> (2) a first degree felony or a second degree felony under Section 19.02, Penal Code.

Subsection (a)(1) refers to a deadly-weapon finding and subsection (a)(2) refers to the offense of murder. Thus, Applicant's juvenile offense of murder with a deadly weapon, a first-degree felony, clearly fits into the category of offenses ineligible for release on mandatory supervision. We must determine whether Applicant was actually "convicted of" the juvenile offense versus being "adjudicated as having engaged in delinquent conduct," and whether Applicant's transfer from TYC to TDCJ had any affect on this determination. Whether Applicant's juvenile adjudication at some point became a

conviction is the deciding factor here.[4]

Under Texas Government Code Section 508.156(f), "a person released from the Texas Youth Commission on parole under this section is considered to have been convicted of the offense for which the person has been adjudicated." Applicant argues that because he was not released from TYC on parole and was instead released from TDCJ on parole under his juvenile adjudication, he should not be considered to have been convicted of his juvenile offense of murder with a deadly weapon.

We agree with the State that Applicant's interpretation of the law would lead to absurd results. Applicant's version would mean that an offender released directly from TYC on parole would be considered to be convicted of the offense while an offender transferred, due simply to age, from TYC to TDCJ and later released on parole would not. We cannot imagine a scenario where the legislature would intend for older juveniles, who have been transferred to TDCJ, to remain free from conviction while younger juveniles who serve all of their time in TYC would be considered to be convicted for the same offense.

We construe a statute in accordance with the plain meaning of its text unless the plain meaning leads to absurd results that the legislature could not have possibly intended.

---

[4]Because Applicant was on parole for murder with a deadly weapon, he was still "serving a sentence for" the offense at the time he committed burglary of a habitation. However, his 15-year sentence for murder with a deadly weapon was discharged while he was awaiting trial for the burglary offense, so he was no longer "serving a sentence for" the prior offense when he sought mandatory-supervision review on the burglary offense.

*Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Texas Government Code

Section 311.023 states that:

> In construing a statute, whether or not the statute is considered ambiguous
> on its face, a court may consider among other matters the:
> > (1) object sought to be attained;
> > (2) circumstances under which the statute was enacted;
> > (3) legislative history;
> > (4) common law or former statutory provisions, including laws on
> > the same or similar subjects;
> > (5) consequences of a particular construction;
> > (6) administrative construction of the statute; and
> > (7) title (caption), preamble, and emergency provision.

The legislative history provides some guidance on the question before us.

The parole and mandatory-supervision statute, Texas Code of Criminal Procedure

Article 42.18, was revised in 1987 so that certain violent offenders were not eligible for

mandatory supervision. In 1995, the statute was further amended to prevent offenders

who had previously been convicted of crimes ineligible for mandatory supervision from

eligibility for any future conviction, regardless of their current offense. This revision

applied to those who were serving a sentence for an offense committed on or after

September 1, 1995. The Bill Analysis for this amendment states that one of the purposes

of the legislation is that, "If a prisoner previously served time for a violent offense which

is ineligible for mandatory supervision, he will never be eligible for mandatory

supervision, regardless of the offense, for any subsequent prison sentence." Tex. H.B.

1433, 74th Leg., R.S. (1995). We note that the stated purpose of mandatory-supervision

ineligibility was to prevent those who had "served time" for a violent offense from

eligibility for subsequent offenses; a "conviction" for a violent offense was not stated as a requirement. In 1997, Texas Code of Criminal Procedure Article 42.18 was repealed and the Parole and Mandatory Supervision law was codified under Texas Government Code Chapter 508. The evolution of the predecessor to this code makes it clear that the legislature intended to prevent those who have committed certain prior violent offenses from eligibility for mandatory-supervision review. In keeping with this intent, we will not narrow the definition of "conviction" to exclude adjudicated juvenile offenders who were transferred to TDCJ due to age and released from TDCJ on parole.

## CONCLUSION

Applicant's transfer from TYC to TDCJ did not alter the fact that, upon his release on parole, he was considered to have been convicted of the offense for which he had been adjudicated. Applicant's juvenile adjudication was a first-degree felony conviction for the purpose of mandatory-supervision eligibility, and TDCJ was correct that Applicant is not eligible for mandatory-supervision review.

Relief is denied.

Delivered: June 26, 2013

Publish