In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-11-00592-CR
_____

**JIMMY DON PRICE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. 21122**

**OPINION**

In this appeal, we are asked to decide whether double jeopardy principles bar the appellant's conviction for attempted aggravated sexual assault where, based on acts that occurred in the same time frame and where the alleged sexual assault involved the same child, the jury found the appellant guilty on multiple counts, one of which was continuous sexual abuse occurring between June 1, 2009, and January 29, 2010. We affirm Price's conviction for continuous sexual abuse, but

1

we also conclude that double-jeopardy principles require us to reform the judgment and to vacate Price's conviction for attempted aggravated sexual assault.

A four count indictment charged Price with sexually abusing a child, his stepdaughter. The jury found Price guilty on one count of continuous sexual abuse of his stepdaughter, two counts of indecency that involved his stepdaughter, and one count of attempted aggravated sexual assault, which also involved his stepdaughter.[1] In his first issue, Price argues that attempted aggravated sexual assault is a lesser included offense of continuous sexual abuse, given the period that the acts comprising the offense were alleged to have occurred; he concludes that as a result, he should not have been separately sentenced on both offenses.

To the extent Price complains that he was charged separately with continuous sexual abuse and with attempted aggravated sexual assault, the record does not show that Price objected to the form of the indictment before his trial commenced. Because Price failed to file pre-trial objections to the indictment, his complaints about the indictment have been waived. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b) (West 2005).

---

[1]In his appeal, Price has not challenged his convictions under Counts Two and Three, which were for indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11 (West 2011).

Additionally, Price never filed a motion or objected when his case was before the trial court that he was ineligible for a separate sentence based on his conviction for attempted aggravated sexual assault. *See* Tex. R. App. P. 33.1. Price also did not object to the charge. Nevertheless, Price may raise a double-jeopardy claim that is apparent on the face of the record for the first time on appeal. *See Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused from being punished more than once for the same offense in a single prosecution. *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010); *see also* U.S. Const. amends. V, XIV. "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275-76 (Tex. Crim. App. 2008). "Sameness in this context is a matter of legislative intent." *Id.* at 276.

Section 21.02 of the Texas Penal Code, setting out the offense of continuous sexual abuse, provides:

A person commits an offense if:

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

Tex. Penal Code Ann. § 21.02(b) (West Supp. 2012). An "'act of sexual abuse'" described in section 21.02(c) includes "any act that is a violation of one or more of the following penal laws:"

(1) aggravated kidnapping under Section 20.04(a)(4), if the actor committed the offense with the intent to violate or abuse the victim sexually;

(2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child;

(3) sexual assault under Section 22.011;

(4) aggravated sexual assault under Section 22.021;

(5) burglary under Section 30.02, if the offense is punishable under Subsection (d) of that section and the actor committed the offense with the intent to commit an offense listed in Subdivisions (1)-(4);

(6) sexual performance by a child under Section 43.25;

(7) trafficking of persons under Section 20A.02(a)(7) or (8); and

(8) compelling prostitution under Section 43.05(a)(2).

Id. § 21.02(c).

Within section 21.02, the Legislature included language expressing its intent regarding multiple punishments for continuous sexual abuse, providing:

> (e) A defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) the victim of which is the same victim as a victim of the offense alleged under Subsection (b) unless the offense listed in Subsection (c):
>
>> (1) is charged in the alternative;
>>
>> (2) occurred outside the period in which the offense alleged under Subsection (b) was committed; or
>>
>> (3) is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (b).
>
> (f) A defendant may not be charged with more than one count under Subsection (b) if all of the specific acts of sexual abuse that are alleged to have been committed are alleged to have been committed against a single victim.

*Id.* § 21.02(e), (f).

An offense listed under section 21.02(c) "will always be 'a lesser included offense of the offense alleged under Subsection (b).'" *Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011) (quoting Tex. Penal Code Ann. § 21.02(e)(3)). Based on the language in section 21.02(c), it appears the Legislature did not intend to allow a defendant convicted of continuous sexual abuse to also be convicted for the aggravated sexual assault of the same child if the aggravated sexual assault at

issue and the continuous sexual abuse both occurred within the same time periods. *See* Tex. Penal Code Ann. § 21.02(c)(4), (e); *Littrell*, 271 S.W.3d at 276.

However, in Price's case, Price was convicted of *attempted* aggravated sexual assault and continuous sexual abuse; he was not convicted of aggravated sexual assault. And, *attempted* aggravated sexual assault is not included among the acts of sexual abuse that are found in section 21.02(c) of the Penal Code. The State argues that by not including *attempted* aggravated sexual assault in section 21.02(c) of the Penal Code, the Legislature intended to allow a defendant to be punished if convicted of both continuous sexual abuse and *attempted* aggravated sexual assault. But, if the act occurred in one criminal episode, an *attempted* sexual assault is a lesser included offense of an aggravated sexual assault when the offenses are based on the same alleged facts. *See* Tex. Code Crim. Proc. Ann. art. 37.09(1), (4) (West 2006); *see also* Tex. Penal Code Ann. § 15.01 (West 2011).

Generally, "criminal-attempt offenses acquire their allowable unit of prosecution from the offense attempted." *Ex parte Milner*, 394 S.W.3d 502, 508-09 (Tex. Crim. App. 2013). It is well settled that a "greater offense is . . . by definition the 'same' for purposes of double jeopardy as any lesser offense included in it." *Brown v. Ohio*, 432 U.S. 161, 168 (1977). Additionally, a conviction for a completed offense bars prosecution for an attempt to commit the same offense. *See*

6

*Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004). For example, the Court of Criminal Appeals has explained that aggravated robbery and attempted aggravated robbery are the same for double-jeopardy purposes. *Littrell*, 271 S.W.3d at 276-77 & n.18.

The Legislature made aggravated sexual assault a lesser included offense of continuous sexual abuse by defining "'act of sexual abuse'" to expressly include aggravated sexual assault. *See* Tex. Penal Code Ann. § 21.02(c)(4), (e)(3). In the statutory scheme defining continuous sexual abuse, the Legislature also expressed its intention that only one punishment was intended in cases of continuous sexual abuse where the specific acts of sexual abuse for which the defendant was convicted occurred against the same victim and within the period the continuous sexual abuse occurred. *See id.* § 21.02(e). "When a defendant is convicted of two offenses and those convictions violate double-jeopardy protections, the conviction for the more serious offense is retained, and the other is set aside." *Ex parte Denton*, 399 S.W.3d 540, 547 (Tex. Crim. App. 2013).

A multiple punishments claim, a distinct type of double-jeopardy claim, can arise when the State attempts to punish a defendant for committing the same criminal act twice under two distinct statutes. *See Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). Based on the manner that Price's offenses were pled

7

and submitted to the jury, we conclude that Price's conviction for attempted aggravated sexual assault should be treated in the same manner as a conviction for aggravated sexual assault for double-jeopardy purposes under the continuous sexual abuse statute. *See* Tex. Penal Code Ann. § 21.02(e), (f); *see also Soliz*, 353 S.W.3d at 854 ("Subsection (e) was designed as an anti-carving provision but, without the lesser-included-offense provision, it would have had the side effect of banning lesser-included offenses.").

"When a defendant is subjected to multiple punishments for the same conduct, the remedy is to affirm the conviction for the most serious offense and vacate the other convictions." *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008). "[T]he 'most serious' offense is the offense of conviction for which the greatest sentence was assessed." *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). Price received a thirty-two year sentence based on his conviction of continuous sexual abuse, and a concurrent twenty year sentence based on his conviction of attempted aggravated sexual assault. Therefore, his most serious offense was for continuous sexual abuse. *See Denton*, 399 S.W.3d at 547.

The State suggests that attempted aggravated sexual assault is not in itself an "act of abuse" defined by section 21.02(c) unless it is charged as a separately punishable offense; according to the State, adopting Price's construction of the

8

statute prevents a defendant from being prosecuted for attempted acts when that defendant is also being prosecuted for continuous sexual abuse.

We disagree that Price's construction of the statute prevents the State from prosecuting a defendant for attempted sexual abuses. The attempted aggravated sexual assault could have been submitted conditionally. The continuous sexual abuse statute contemplates that in some cases a jury may reject a claim of continuous sexual abuse and return a verdict on separate acts or attempted acts of sexual abuse. *See* Tex. Penal Code Ann. § 21.02(e)(3). For instance, had the jury chosen to acquit Price of continuous sexual abuse, the charge allowed the jury to consider five lesser included offenses.[2] *See id*.

Based on the manner the State pled its case, we conclude that punishing Price for attempted aggravated sexual assault and for continuous sexual abuse results in a double-jeopardy violation. We sustain issue one. We need not reach Price's other issue one arguments since resolving them would not afford Price greater relief. *See* Tex. R. App. P. 47.1. In light of our resolution of issue one on double-jeopardy grounds we retain the continuous sexual abuse conviction and set aside Price's conviction for attempted aggravated sexual assault.

---

[2]Five counts of aggravated sexual assault and one count of indecency with a child were submitted to the jury in this fashion.

In issue two, Price seeks to raise a due process and equal protection claim that concerns section 21.02(d) of the Penal Code. *See* Tex. Penal Code Ann. § 21.02(d).[3] Price failed to assert these challenges to the statute when his case was before the trial court. A facial challenge to the constitutionality of a statute is a forfeitable right that is waived if the defendant fails to raise the issue before the trial court. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). Likewise, to preserve error a defendant must make a specific, timely challenge to the constitutionality of a statute as applied to him. *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995). Because Price failed to preserve error on issue two, it is overruled. *See* Tex. R. App. P. 33.1.

Because we have sustained Price's double-jeopardy complaint, we reverse and vacate the trial court's judgment as to Count Four, and we affirm the judgment as to Counts One, Two, and Three. As modified, the judgment is affirmed.

---

[3]Section 21.02(d) provides:

> If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

10

AFFIRMED AND MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on June 7, 2013
Opinion Delivered September 18, 2013
Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

11