

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1460-13

**JIMMY DON PRICE, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### POLK COUNTY

ALCALA, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined. PRICE, J., filed a concurring opinion in which COCHRAN, J., joined. WOMACK, J., concurred in the judgment for the reasons stated in the opinion of PRICE, J.

### O P I N I O N

In this case, we address whether the statute defining the offense of continuous sexual abuse of a young child permits a defendant to be convicted both of that offense and of a criminal attempt to commit a predicate offense under that statute. *See* TEX. PENAL CODE §§

15.01(a); 21.02(b), (c), (e).[1]  The court of appeals answered that question in the negative by

---

[1]  The statute penalizing continuous sexual abuse of a young child, in relevant part, states:

(b) A person commits an offense if:

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

(c) For purposes of this section, "act of sexual abuse" means any act that is a violation of one or more of the following penal laws:

(1) aggravated kidnapping under Section 20.04(a)(4), if the actor committed the offense with the intent to violate or abuse the victim sexually;

(2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child;

(3) sexual assault under Section 22.011;

(4) aggravated sexual assault under Section 22.021;

(5) burglary under Section 30.02, if the offense is punishable under Subsection (d) of that section and the actor committed the offense with the intent to commit an offense listed in Subdivisions (1)-(4);

(6) sexual performance by a child under Section 43.25;

(7) trafficking of persons under Section 20A.02(a)(7) or (8); and

(8) compelling prostitution under Section 43.05(a)(2).

(d) If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

(e) A defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) the victim of which is the same victim as a victim of the offense alleged under Subsection (b) unless the offense listed in Subsection (c):

(1) is charged in the alternative;

(2) occurred outside the period in which the offense alleged under Subsection (b) was committed; or

(3) is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (b).

(f) A defendant may not be charged with more than one count under Subsection (b) if all of the specific acts of sexual abuse that are alleged to have been committed are alleged to have been committed against a single victim.

TEX. PENAL CODE ANN. § 21.02(b)–(f) (West 2013).

examining the statute's language and determining that the Legislature could not have intended to permit both convictions because that outcome would violate a defendant's constitutional rights against double jeopardy. *See Price v. State*, 413 S.W.3d 158, 163–64 (Tex. App.—Beaumont 2013). Accordingly, the court of appeals vacated the conviction for attempted aggravated sexual assault against Jimmy Don Price, appellant. *See id*. We agree with the court of appeals's judgment vacating appellant's conviction for criminal attempt and with its ultimate assessment that permitting both convictions would violate his constitutional rights against double jeopardy. *See id.* We reach that conclusion, however, by first deciding that the statute's text is ambiguous with respect to whether both convictions should be permitted, and we then consider the pertinent extra-textual factors. *See* TEX. PENAL CODE § 21.02(c); TEX. GOV'T CODE § 311.023. We affirm the judgment of the court of appeals.

## I. Background

The complainant is appellant's ten-year-old stepdaughter. She testified at appellant's trial that from approximately March 2009 to January 2010, he committed multiple, repeated sexual acts against her, including genital penetration of her anus and mouth, digital and oral penetration of her genitals, and touching of her breasts. She also testified that during the same time period, appellant tried to penetrate her genitals with a vibrator and with his genitals. These facts resulted in a jury convicting appellant of four offenses, only two of which are pertinent to this appeal: the conviction for continuous sexual abuse that was alleged to have occurred on or about June 1, 2009, through January 29, 2010, and the

conviction for attempted aggravated sexual assault of a child that was alleged to have occurred on or about January 29, 2010. *See* TEX. PENAL CODE §§ 21.02(b); 22.021(a)(1)(B), (a)(2)(B).

On appeal, the parties disputed whether the statutory language would permit dual convictions for the offenses of continuous sexual abuse and attempted aggravated sexual assault. Appellant asserted that attempted aggravated sexual assault is a lesser-included offense of aggravated sexual assault, which is specifically enumerated as one of the predicate offenses that may be used to establish the offense of continuous sexual abuse. *See* TEX. CODE CRIM. PROC. art. 37.09(4); TEX. PENAL CODE §§ 15.01(a); 21.02(b), (c)(4). Because the attempt offense is a lesser-included offense of the predicate aggravated-sexual-assault offense, appellant argued that upholding his convictions for both offenses would violate his rights against double jeopardy. The State responded that the plain language of the continuous-sexual-abuse statute references only aggravated sexual assault, not attempted aggravated sexual assault, and therefore, a defendant may be convicted for both continuous sexual abuse and the lesser attempted offense. *See* TEX. PENAL CODE § 21.02(c).

The court of appeals agreed with appellant. *Price*, 413 S.W.3d at 163. It held that the statute's language expressed the Legislature's intent to disallow convictions for both continuous sexual abuse and a predicate offense that could be used to establish that offense. *Id.* at 162–63. The court acknowledged the State's claim that appellant was charged with attempting to commit, rather than with the commission of, a predicate offense and that the

statute does not specifically mention criminal attempt. *Id*. at 162. Despite the absence of any mention of criminal attempt in the statute, the court determined that the Legislature would not have intended to permit dual convictions that would violate a defendant's rights against double jeopardy. *Id*. at 163–64.

Challenging the court of appeals's purported failure to apply the plain language of the statute, the State's petition for discretionary review argues that because an attempt to commit a predicate offense is not included in the acts of sexual abuse enumerated in the statute, the Legislature intended to permit dual convictions for continuous sexual abuse and for an attempt to commit a predicate offense under the statute.[2] The State further suggests that, even if the attempted offense occurred during the same period of time as the conduct giving rise to the conviction for continuous sexual abuse, both of appellant's convictions should be upheld because the facts show that he committed both completed acts of abuse against the complainant as well as a failed attempt to penetrate her with a vibrator. Appellant responds that, by including in the statutory language a provision that expressly disallows convictions for predicate offenses when a defendant is convicted under the continuous-sexual-abuse statute, the Legislature signaled its desire to protect against double-jeopardy violations and, therefore, it would be absurd to read the statute as permitting both convictions, which would

---

[2]    The State's ground for review asks,

>   In finding a jeopardy violation, did the court of appeals violate statutory construction canons by adding to the list of completed offenses that qualify as an "act of sexual abuse" for purposes of establishing the offense of continuous sexual abuse the attempt offenses of those completed offenses?

result in a double-jeopardy violation.

## II. The Legislature Did Not Intend to Permit Dual Convictions for Continuous Sexual Abuse and a Lesser-Included Offense

After reviewing the statutory language, we decide that it is ambiguous as to whether it permits dual convictions for the offenses of continuous sexual abuse and attempted aggravated sexual assault. We then consider the extra-textual factors before ultimately deciding that permitting dual convictions under these circumstances would violate the statutory scheme set forth by the Legislature.

### A. The Statute is Ambiguous

#### 1. Applicable Law for Determining Whether Language is Ambiguous

In construing a statute, this Court must seek to effectuate the "collective" intent or purpose of the legislators who enacted the legislation. *Reynolds v. State*, 423 S.W.3d 377, 382 (Tex. Crim. App. 2014); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). In interpreting statutes, we presume that the Legislature intended for the entire statutory scheme to be effective. *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012). When statutory language is clear and unambiguous, we give effect to its plain meaning unless to do so would lead to absurd consequences that the Legislature could not have possibly intended. *Ex parte Valdez*, 401 S.W.3d 651, 655 (Tex. Crim. App. 2013); *Boykin*, 818 S.W.2d at 785. A statute is ambiguous when the statutory language may be understood by reasonably well-informed persons in two or more different senses; conversely, a statute is unambiguous when it permits only one reasonable understanding. *See Bryant v. State*, 391

S.W.3d 86, 92 (Tex. Crim. App. 2012).

### 2. Statute Clearly Disallows Dual Convictions for Continuous Sexual Abuse and Enumerated Acts

The statutory language reflects that the Legislature intended to permit one conviction for continuous sexual abuse based on the repeated acts of sexual abuse that occur over an extended period of time against a single complainant, even if the jury lacks unanimity as to each of the particular sexual acts or their time of occurrence, so long as the jury members agree that at least two acts occurred during a period that is thirty or more days in duration. TEX. PENAL CODE § 21.02(b), (d), (f). The "acts of sexual abuse" are specifically enumerated and are lesser-included offenses of the offense of continuous sexual abuse. *Id*. § 21.02(c); *Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011) (holding that "a[] [predicate] offense listed under Subsection (c) will *always*" be a lesser offense of continuous sexual abuse because the latter "is, by its very definition, the commission under certain circumstances of two or more of the offenses listed in Subsection (c)") (internal quotations omitted).

The statutory language further reflects that the Legislature clearly intended to disallow dual convictions for the offense of continuous sexual abuse and for offenses enumerated as "acts of sexual abuse" when based on conduct against the same child during the same period of time. *See* TEX. PENAL CODE § 21.02(e). A defendant charged with continuous sexual abuse who is tried in the same criminal action for an enumerated offense based on conduct committed against the same victim may not be convicted for both offenses unless the latter

offense occurred outside the period of time in which the continuous-sexual-abuse offense was committed. *Id*. Excepting the situation where different periods of time are at issue, a fact finder could find a defendant guilty either of continuous sexual abuse, or, alternatively, an enumerated act or acts of sexual abuse or a lesser offense or offenses of the enumerated act or acts. *See id*. We conclude that the statutory language is plain in providing that, when the acts alleged were committed against a single child, the Legislature did not intend to permit dual convictions for continuous sexual abuse and for an enumerated act of sexual abuse unless the latter occurred during a different period of time.

### 3. The Statute is Ambiguous as to the Legislature's Intent in Omitting Language on Criminal Attempts

In its brief on discretionary review, the State focuses on the fact that the "acts of sexual abuse" specifically enumerated in the statute do not mention criminal attempts to commit those acts. *Id*. § 21.02(c). Relying on the absence of that language, the State argues that the Legislature must have intended to permit dual convictions for continuous sexual abuse and for an attempt to commit an enumerated act of sexual abuse. As support, it relies on *Parfait v. State*, in which this Court interpreted Texas Penal Code Section 3.03, which governs sentencing for multiple offenses arising out of the same criminal episode, to determine whether a sentence for a criminal attempt to commit a sex offense could be stacked with sentences for completed sex offenses, despite the fact that attempt was not specifically enumerated as a stackable offense under the statute. 120 S.W.3d 348, 349–50 (Tex. Crim. App. 2003) (citing TEX. PENAL CODE § 3.03(b)(2)(A)). This Court held that a defendant's

sentence for an attempted offense did not qualify as a stackable offense. *Id*. at 350–51. The Court explained that the Legislature could reasonably have distinguished between, on one hand, mandatory concurrent sentencing for sex-offense convictions including attempts, and on the other hand, discretionary cumulation for convictions involving only completed offenses. *Id*. at 351. Unlike the statutory provisions at issue in *Parfait* that did not indicate a clear legislative intent to permit stacking, here the statutory language is plain regarding the Legislature's intent to disallow dual convictions for continuous sexual abuse and for an enumerated offense committed against a single child during the same period of time. *See* TEX. PENAL CODE § 21.02(e). *Parfait*, therefore, provides little guidance for resolving this appeal.

A reasonably well-informed person examining the language of the continuous-sexual-abuse statute could determine that its silence with respect to whether a person may be simultaneously convicted of that offense and of a criminal attempt to commit a predicate offense suggests that the Legislature intended to permit those dual convictions. Alternatively, another reasonably well-informed person examining the entire statutory scheme could determine that, because the statute expressly prohibits dual convictions for both continuous sexual abuse and its enumerated acts, the Legislature must have also intended to disallow dual convictions for continuous sexual abuse and a criminal attempt to commit an enumerated act, even though the statute does not expressly say so. In light of the existence of these two reasonable interpretations of the statute, and because the statutory text

itself does not speak to this issue, we determine that the statute is ambiguous in this respect, and we must resort to an analysis of extra-textual factors.

### B. Extra-Textual Analysis Indicates Legislative Intent to Disallow Dual Convictions

We may consider de novo several extra-textual factors to discern the Legislature's intent. *Druery v. State*, 412 S.W.3d 523, 533 (Tex. Crim. App. 2013). We begin by addressing the object sought to be attained by the statute, the circumstances under which the statute was enacted, and the statute's legislative history, all of which lead us to the conclusion that the Legislature intended to prohibit dual convictions for continuous sexual abuse and a lesser-included offense of criminal attempt to commit an enumerated offense. *See id.* at 533–34; *Valdez*, 401 S.W.3d at 655 (citing TEX. GOV'T CODE § 311.023). Afterwards, we address the consequences of the State's proposed construction and conclude that permitting more than one conviction under the circumstances of this case would violate appellant's rights against double jeopardy. *Druery*, 412 S.W.3d at 533–34; *Valdez*, 401 S.W.3d at 655; *see also Littrell v. State*, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008). Based on an analysis of the pertinent extra-textual factors, we ultimately determine that the Legislature did not intend to permit dual convictions for both continuous sexual abuse and for criminal attempt to commit a predicate offense.

#### (1) The Object Sought to Be Attained, the Circumstances Under Which the Statute Was Enacted, and the Legislative History

The statute's circumstances of enactment and legislative history show that the

Legislature intended the statute to "adapt [the Penal Code] to the common factual scenario of an ongoing crime involving an abusive sexual relationship of a child[.]" *Dixon v. State*, 201 S.W.3d 731, 737 (Tex. Crim. App. 2006) (Cochran, J., concurring). Prior to the statute's enactment, Judge Cochran in *Dixon* described the common occurrence in child sex cases, as follows:

> [A] young child is repeatedly molested by an authority figure—usually a step-parent, grandparent, uncle or caregiver; there is (or is not) medical evidence of sexual contact; and the child is too young to be able to differentiate one instance of sexual exposure, contact, or penetration from another or have an understanding of arithmetic sufficient to accurately indicate the number of offenses. As in this case, "he did it 100 times." The real gravamen of this criminal behavior is the existence of a sexually abusive relationship with a young child . . . marked by continuous and numerous acts of sexual abuse of the same or different varieties.

*Id*. at 736–37. She noted that despite such facts, "current Texas law does not easily accommodate the prosecution of generic, undifferentiated, ongoing acts of sexual abuse of young children." *Id*. at 737. As a result, she predicted that a "train wreck" would likely result from "what appears to be a futile attempt" to accommodate both a defendant's "rights to a specific verdict for one specific criminal act" and the fact that "the criminal conduct at issue is not really one specific act at one specific moment." *Id*. She proposed that the Legislature consider "enacting a new penal statute that focuses upon a continuing course of conduct crime—a sexually abusive relationship that is marked by a pattern or course of conduct of various sexual acts." *Id.*

Lawmakers responded to her call for legislation. In hearings about the legislation,

Senator Florence Shapiro, the authoring sponsor of Senate Bill 78, which introduced the statute's framework, stated, "This new offense that we're creating in this bill will allow for the prosecution of a repetitive course of conduct over an extended period of time. It does not have to specify the specific date of the event, nor the specific event." *See* Hearing on Tex. S.B. 78 Before the Senate Criminal Justice Committee, 80th Leg., R.S. (Mar. 20, 2007, at 39:08–40:14), available at http://www.senate.state.tx.us/avarchive/?yr=2007&mo=03). Although Senator Shapiro did not specifically address whether dual convictions for continuous sexual abuse and a criminal attempt to commit a lesser-included offense would be permitted, she did discuss the concept that a jury that was unconvinced about the continuous-sexual-abuse offense could alternatively convict a defendant for a lesser-included offense. She stated,

> [The statute] specifies that if the actor is found guilty of a lesser offense, a lesser sexual offense within continuous sexual assault, that they may be prosecuted for that offense in the same criminal action. There will not have to be a retrial as long as it's within the confines of the continuous sexual assault[.]

*Id*. (Mar. 20, 2007, at 41:10–42:02); *see* House Committee on Criminal Jurisprudence, Bill Analysis, Tex. C.S.H.B. 436, at 1, 80th Leg., R.S. (2007).

Judge Cochran's descriptions of the problem sought to be addressed by the statute, the ongoing sexually abusive relationship, and Senator Shapiro's similar reference to a repetitive course of conduct over an extended period of time each suggest that the objective of the statute was to hold a defendant criminally liable through a single conviction for all of the sexual acts transpiring between him and the victim during a designated period of time.

Furthermore, Senator Shapiro's discussion of lesser-included offenses suggests that the Legislature intended to permit a fact finder to convict a defendant for a lesser-included offense, which would include the attempt to commit a predicate offense, but only as an alternative to conviction for continuous sexual assault.

We also observe that this Court's earlier analysis of this statutory scheme in *Soliz v. State* is instructive with respect to whether the Legislature intended to permit any other conviction in addition to a conviction for continuous sexual abuse. *See* 353 S.W.3d at 853-54. The issue in *Soliz* was whether the statutory language as to lesser-included offenses meant that it was the jury that decided whether an offense constituted a lesser offense, or whether that issue was rather a matter of law to be determined by the trial court. *Id.* (discussing TEX. PENAL CODE § 21.02(e), which states that a defendant "may not be convicted" in same criminal action of enumerated offense unless that offense is, among other things, "considered by the trier of fact to be a lesser included offense of the offenses alleged under Subsection (b)"). In resolving that issue, this Court noted that the statute's "avowed purpose" was the "establish[ment of] a crime that focuses on the pattern of abuse over a period of time." *Id.* at 853 (citations and quotations omitted). Because the statute's focus was on a pattern of abuse, we explained that the statutory language prohibited the State from "carv[ing] individual offenses out of that pattern and thus reintroduc[ing] the problems the statute was designed to address." *Id.* Our comments in *Soliz* about the carving out of predicate offenses applies equally to the carving out of lesser-included offenses. *See id.*

Examination of the object sought to be attained by the statute, the circumstances under which it was enacted, and its legislative history reveals that the Legislature intended to permit one conviction for continuous sexual abuse for conduct committed against a single complainant during a specified time period. The statute facilitated this legislative intent by allowing the jury to more broadly consider multiple acts of abuse over an extended period of time and by disallowing other convictions for predicate acts of sexual abuse that would be considered lesser-included offenses of continuous sexual abuse. *See* TEX. PENAL CODE § 21.02(b)–(e). A criminal attempt to commit a predicate offense is a lesser-included offense of that predicate offense and is subsumed within that completed offense upon commission. *See id*. § 15.01(a), (c). Consequently, we conclude that it would defeat the legislative purpose underlying the statute if a fact finder were permitted to convict a defendant both of continuous sexual abuse and a criminal attempt to commit a predicate offense.

**(2) The Consequences of a Particular Construction**

**a. Double Jeopardy**

The Fifth Amendment guarantee against double jeopardy protects "against multiple punishments for the same offense." *Whalen v. United States*, 445 U.S. 684, 688, 100 S. Ct. 1432, 1436 (1980) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076 (1969)); *see* U.S. CONST. amends V, XIV. In pertinent part, a multiple-punishments claim can arise when a person is punished for: (1) the same primary offense twice, "once for the basic conduct, and a second time for that same conduct plus more," or (2) the same

criminal act twice under two distinct statutes "when the legislature intended the conduct to be punished only once[.]" *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006).

The question of whether an individual may be punished for the same criminal act under two distinct statutes is a matter of legislative intent. *Littrell*, 271 S.W.3d at 276. To determine whether the Legislature would have intended a particular course of conduct to be subject to multiple punishments under two separate statutory provisions, we look first to the statutory language. The "starting point" for such an analysis is the *Blockburger* test, used to determine whether each of the offenses requires proof of an element that the other does not. *Id.* (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180 (1932)). If two separately defined offenses have the "same elements" under *Blockburger*, then a judicial presumption arises that the offenses are the same for purposes of double jeopardy, and, absent a clear sign of legislative intent to the contrary, an accused "may not be punished for both." *See id.* (explaining that, once judicial presumption of sameness arises for double-jeopardy purposes, the question then becomes "whether the Legislature has clearly expressed a contrary intention that the accused should in fact be punished for both the greater and the lesser-included offenses") (citations omitted). The *Blockburger* test is a rule of statutory construction and is not the exclusive test for determining if two offenses are the same, and it cannot be the basis for authorizing two punishments where the Legislature clearly intended only one. *See Bigon v. State*, 252 S.W.3d 360, 371 (Tex. Crim. App. 2008); *Ervin v. State*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999). The Legislature's intent can also be discerned

by "a list of non-exclusive factors designed to help courts in the absence of clear guidance," including the offenses' allowable unit of prosecution. *Garfias v. State*, 424 S.W.3d 54, 59-60 (Tex. Crim. App. 2014). Here, the court of appeals's determination that the State's construction would constitute multiple punishments for the "same" offense relied, in part, on its observation that criminal attempts share the same allowable unit of prosecution as their corresponding completed offenses. *Price*, 413 S.W.3d at 162 (citing *Ex parte Milner*, 394 S.W.3d 502, 508–09 (Tex. Crim. App. 2013)).

Applying these principles to the present context, we conclude that our interpretation of the continuous-sexual-abuse statute conforms with law protecting a defendant's rights against double jeopardy. Because attempt is a lesser-included offense of the completed act of sexual abuse, and because a completed act of sexual abuse is a lesser-included offense of continuous sexual abuse, from this it follows that the attempt offense is also a lesser-included offense of continuous sexual abuse. *See* TEX. CODE CRIM. PROC. art. 37.09(4); TEX. PENAL CODE § 21.02(b), (c); *Soliz*, 353 S.W.3d at 854. We may, therefore, presume that the attempt and continuous-sexual-abuse offenses are the same for double-jeopardy purposes and that the Legislature did not intend to permit multiple punishments. *See Littrell*, 271 S.W.3d at 275-76 (observing that, in the multiple-punishments context, "two offenses may be the same if one offense stands in relation to the other as a lesser-included offense," and presumption arises that accused "may not be punished for both"). The judicial presumption that the Legislature did not intend to allow multiple punishments in this context is not overridden by

a clearly expressed intention to the contrary. *See id.* at 276. We agree, therefore, with the court of appeals that it would violate a defendant's rights against double jeopardy to permit convictions for both continuous sexual abuse and an attempt to commit a predicate act with respect to conduct committed against the same complainant during the same period of time. *Price*, 413 S.W.3d at 163; *see Soliz,* 353 S.W.3d at 854.

### b. Renaming of Offenses Would Defeat Legislative Intent

In light of the fact that a defendant may be convicted of an attempted offense even though he has actually completed it, the State's suggested reading of the statute would permit it to rename a completed predicate offense as an attempt to commit a predicate offense and obtain a conviction for the latter offense in conjunction with a conviction for continuous sexual abuse. *See* TEX. PENAL CODE § 15.01(c) (it is "no defense to prosecution for criminal attempt that the offense attempted was actually committed"). Because the facts establishing the commission of a predicate offense would also support a conviction for an attempt to commit that offense, the State's suggested reading would undermine the design of the statutory scheme to permit only one conviction for continuous sexual abuse for acts committed against a single child during a specified period of time. *See id.* § 21.02(e). This is a consequence of the State's proposed construction that could not possibly have been legislatively intended.

### (3) Consideration of All Pertinent Extra-Textual Factors

Reviewing the relevant extra-textual factors de novo, we conclude that the Legislature

intended to disallow dual convictions under the statute for continuous sexual abuse and for a lesser-included offense, including criminal attempt to commit a predicate offense. The object, legislative history, and circumstances of the statute's enactment all reflect a legislative intent to provide for a single punishment under the statute where the conduct at issue is against the same complainant within the same time frame. Additionally, this construction accords with double-jeopardy principles. By applying the pertinent extra-textual factors, we hold that the Legislature did not intend to permit dual convictions under these circumstances and that appellant's criminal-attempt conviction was, therefore, statutorily prohibited.

### III. Conclusion

Having held that the statute's language is ambiguous, and upon consideration of the pertinent extra-textual factors, we conclude that the statute's legislative intent was to permit one punishment where continuous sexual abuse is alleged against a single victim within a specified time frame. We also conclude that this intent extends to the statute's enumerated predicate offenses and to criminal attempts to commit those predicate offenses. We affirm the judgment of the court of appeals.

Delivered: June 25, 2014
Publish