

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-13-00479-CR

CHARLES WAYNE HOLBROOK                 APPELLANT

V.

THE STATE OF TEXAS                                 STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CR13-0038

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Charles Wayne Holbrook of continuous sexual abuse of a child as alleged in count I of the indictment; aggravated sexual assault of a child as alleged in count II of the indictment; and indecency with a child as alleged in counts IV and V of the indictment. The jury assessed his punishment at confinement for life on counts I and II and at twenty years' confinement on

---

[1]*See* Tex. R. App. P. 47.4.

counts IV and V. The trial court sentenced him accordingly, stacking the sentences for counts II, IV, and V onto the sentence for count I, so that Appellant would serve his life sentence for count I before the others began to run concurrently. Appellant brings two points on appeal, arguing that the trial court reversibly erred by denying his motion to quash the indictment and that convicting and sentencing him for the offenses alleged in counts II, IV, and V constituted double jeopardy because those offenses were included in the offense set out in count I. Appellant does not challenge the sufficiency of the evidence.

Because the trial court did not reversibly err, we affirm the trial court's judgment.

**Denial of Motion to Quash**

Count I of the indictment alleged that Appellant committed continuous sexual abuse of a child during a period beginning September 1, 2007 and ending August 23, 2012. The remaining offenses were alleged to have been committed on or about January 1, 2012 or August 2, 2012.

Appellant filed a pretrial motion to quash the indictment, contending that penal code section 21.02(d) is unconstitutional because it does not require jury unanimity, depriving the defendant of due process and due course of law, and because it violates the Separation of Powers Clause of the Texas Constitution and subjects the defendant to unconstitutional double jeopardy. As the Texas Court of Criminal Appeals has explained,

2

The sufficiency of an indictment is a question of law. When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, so appellate courts should conduct a de novo review of the issue.[2]

In his first point, Appellant appears to argue that his motion to quash the indictment should have been granted because the underlying statute is unconstitutional. The constitutionality of a statute is also a question of law which is reviewed de novo.[3] The current state of the law in Texas is that a statute that does not implicate First Amendment freedoms can be held unconstitutional on its face only if it is unconstitutional in all of its applications.[4] Otherwise, the accused must show the statute is unconstitutional as applied to him.

An "as applied" challenge is brought during or after a trial on the merits, for it is only then that the trial judge and reviewing courts have the particular facts and circumstances of the case needed to determine whether the statute or law has been applied in an unconstitutional manner. Since a contention that a statute is unconstitutional as applied requires a recourse to evidence, it cannot be properly raised by a pretrial motion to quash the charging instrument.[5]

---

[2]*State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

[3]See *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007), *cert. denied*, 553 U.S. 1007 (2008).

[4]*See State v. Rosseau*, 396 S.W.3d 550, 557–58 (Tex. Crim. App. 2013); *Scott v. State*, 322 S.W.3d 662, 669–71 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 2096 (2011).

[5]*State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011) (citations and selected internal quotation marks omitted).

While Appellant complained in his pretrial motion to quash that the statute is unconstitutional as applied to him, a pretrial motion to quash does not preserve that complaint.[6] And Appellant directs us to no place in the record where he later timely raised this complaint.

To the extent that Appellant complains about jury unanimity, this court has already addressed and rejected that argument.[7] Finally, although Appellant mentions the *Almanza*[8] egregious harm standard for charge error, we do not understand his complaints to include charge error. Based on the record before us, we overrule Appellant's first point on appeal as we understand it.

**Double Jeopardy**

The first count of the indictment alleged the acts constituting continuing sexual abuse of a child between September 1, 2007 and August 23, 2012:

a.    Penetration of the child's anus with the sexual organ of Appellant;

b.    Penetration of the child's anus with a vibrating device;

c.    Penetration of the child's anus with Appellant's fingers;

d.    Penetration of the child's sexual organ with a vibrating device;

---

[6]*See id.*

[7]*See Pollock v. State*, 405 S.W.3d 396, 405 (Tex. App.—Fort Worth 2013, no pet.).

[8]*Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

e.  Penetration of the child's sexual organ with Appellant's sexual organ;

f.  Touching the child's genitals with intent to arouse or gratify Appellant's sexual desire; and

g.  Touching the child's anus with intent to arouse or gratify Appellant's sexual desire.

All seven allegations were submitted to the jury in the jury charge on guilt.

Counts II, IV, and V of the indictment charged that Appellant did

II.  Penetrate the child's anus with Appellant's sexual organ on or about August 2, 2012;

IV.  Cause the child to contact his genitals, with intent to arouse or gratify Appellant's sexual desire, on or about January 1, 2012; and

V.  Touch the child's breast with intent to arouse or gratify Appellant's sexual desire on or about January 1, 2012.

In his second point, Appellant argues that he was denied double jeopardy protections guaranteed by state and federal constitutions when the jury was allowed to convict him of both the allegations in count I of the indictment and those in counts II, IV, and V. As our sister court in Beaumont noted in *Price v. State*, the Texas Legislature expresses its intent regarding multiple punishments for continuous sexual abuse in the statute itself.[9] The statute provides,

> (e) A defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) the victim of which is

---

[9] 413 S.W.3d 158, 162 (Tex. App.—Beaumont 2013), *aff'd*, 434 S.W.3d 601 (Tex. Crim. App. 2014).

5

the same victim as a victim of the offense alleged under Subsection (b) unless the offense listed in Subsection (c):

> (1) is charged in the alternative;
>
> (2) occurred outside the period in which the offense alleged under Subsection (b) was committed; or
>
> (3) is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (b).
>
> (f) A defendant may not be charged with more than one count under Subsection (b) if all of the specific acts of sexual abuse that are alleged to have been committed are alleged to have been committed against a single victim.[10]

The *Price* court explained,

> An offense listed under section 21.02(c) will always be a lesser included offense of the offense alleged under Subsection (b). Based on the language in section 21.02(c), it appears the Legislature did not intend to allow a defendant convicted of continuous sexual abuse to also be convicted for the aggravated sexual assault of the same child if the aggravated sexual assault at issue and the continuous sexual abuse both occurred within the same time periods.[11]

Contrary to Appellant's assertions, count V does not repeat the allegations of count I or of any other count. Specifically, section 21.02(c)(2) provides, in pertinent part, that acts of sexual abuse include "(2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by

---

[10]Tex. Penal Code Ann. § 21.02(e), (f) (West Supp. 2014).

[11]*Price*, 413 S.W.3d at 162 (internal quotation marks and citations omitted) (relying in part on *Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011)); *see also* Tex. Penal Code Ann. § 21.02(b)–(c) (West Supp. 2014).

6

touching, including touching through clothing, the breast of a child."[12]  But count II of the indictment does repeat the allegations of count I(a), and count IV of the indictment repeats the allegations of count I(a) and (e).

In response to Appellant's request that the State make an election and after many discussions between the parties, however, the State separated the time periods covered by Counts II and IV from the time period covering Count I. The State points out that the jury charge limited Counts II and IV to the nine months preceding the continuous sexual abuse statute's becoming law, or from December 7, 2006, until August 31, 2007.  The continuous sexual abuse count covers the same period of time as contained within the indictment, or from September 1, 2007, until August 23, 2012.  In addition to the jury charge reflecting the different time periods, the State also explained during its closing argument that under the charge as to counts II and IV, the jury was only to consider the evidence of events which occurred from December 7, 2006, until August 31, 2007, and for the charge on count I, the jury was to consider only evidence of events which occurred from September 1, 2007, until August 23, 2012.  The State also explained that for the jury to consider post-September 1, 2007 evidence in determining counts II and IV "would violate double jeopardy." Because the State's election insulated the jury verdict from a double jeopardy

---

[12]Tex. Penal Code Ann. § 21.02(c).

challenge on counts II and IV[13] and because Count V had no double jeopardy risk, we overrule Appellant's second point on appeal.

**Conclusion**

Having overruled Appellant's two points, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 20, 2014

---

[13]*See Phillips v. State*, 193 S.W.3d 904, 909–10 (Tex. Crim. App. 2006).