# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00338-CR

**Joseph Weber, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-DC-13-904090, HONORABLE DAVID CRAIN, JUDGE PRESIDING

### O P I N I O N

Joseph Weber was charged with five counts of aggravated sexual assault of a child,
with one count of continuous sexual abuse of a child, and with two counts of indecency with a child
by exposure.[1] *See* Tex. Penal Code §§ 21.02(b) (setting out offense of continuous sexual abuse of
young child or children), .11(a) (listing elements of offense of indecency with child), 22.021(a)
(describing offense of aggravated sexual assault). At the conclusion of the guilt-or-innocence phase
of the trial, the jury found Weber guilty of the first two aggravated-sexual-assault counts, of the
continuous-sexual-abuse count, and of the two indecency-by-exposure counts. At the end of the
punishment phase of the trial, the jury recommended that Weber be sentenced to 70 years'
imprisonment for both of the aggravated-sexual-assault convictions as well as the continuous-sexual-
abuse conviction and that he be sentenced to 10 years' imprisonment for each of the indecency

---

[1] The indictment also alleged that Weber committed three counts of indecency with a child
by sexual contact, but the State abandoned those counts before the case was submitted to the jury.

convictions, and the district court rendered its judgments of conviction in accordance with the jury's verdicts. *See id.* §§ 21.02(h) (providing that offense of continuous sexual abuse is first-degree felony and setting out permissible punishment range for offense), .11(d) (explaining that offense of indecency with child by exposure is third-degree felony), 22.021(e), (f) (stating that aggravated sexual assault is first-degree felony and providing minimum sentence if victim "is younger than six years of age"); *see also id.* § 12.34 (listing permissible punishment range for third-degree felony). On appeal, Weber urges that the jury charge submitted by the district court violated his double-jeopardy guarantee against multiple punishments for the same offense and was inconsistent with the dictates of the continuous-sexual-abuse statute. We will reverse and vacate Weber's convictions for aggravated sexual assault and affirm the remainder of his convictions.[2]

## BACKGROUND

After dating Susan Smith[3] for several months, Weber moved in with Smith and her infant son N.M. Approximately one year later, Smith gave birth to her and Weber's son E.W. When N.M. was approximately four years old, N.M. told Smith that Weber had touched himself in front of N.M. and "had played games with [N.M.] and" E.W., and Smith also noticed N.M. "behaving in an abnormal way, like in a sexual manner, with his little brother" E.W. When Smith asked N.M. where he had learned that type of behavior, he told her that he learned it from Weber. After N.M. made the outcry and after observing this conduct, Smith separated from Weber, reported the matter to the authorities, and hired her own investigator to look into the matter. During his interview with

---

[2] On appeal, Weber does not challenge his indecency convictions.

[3] In this opinion, we will refer to the mother of the victims in this case as Susan Smith.

2

the investigator and later with the police, Weber made various incriminating statements, including that N.M. and E.W. had seen him naked with an erection, that Weber had permitted N.M. to touch Weber's erect penis, that Weber had masturbated in front of N.M. and E.W. on several occasions, that Weber made N.M. rub Weber's penis in an attempt to achieve sexual gratification, that Weber similarly touched N.M.'s and E.W.'s penises, that Weber had ejaculated on N.M. and E.W., that Weber inserted his penis into N.M.'s mouth, and that Weber ejaculated inside N.M.'s mouth.

Following these admissions, Weber was arrested and charged with five counts of aggravated sexual assault and two counts of indecency with a child by exposure. The victim in all of those counts was N.M. In addition, Weber was also charged with one count of continuous sexual abuse involving N.M. and E.W. At the conclusion of the first phase of the trial, the district court provided the jury with jury instructions that provided, in relevant part, as follows:

**Count 1**
"[I]f you believe from the evidence beyond a reasonable doubt, that . . . Weber, on or about the 1st day of October, A.D. 2010, . . . did then and there intentionally or knowingly cause the penetration of the mouth of [N.M.], a child younger than 14 years of age, by the sexual organ of" Weber "and that the victim was younger than six years of age at the time the offense was committed, you will find" Weber "guilty of the offense of Super Aggravated Sexual Assault of a Child as alleged in Count 1."

**Count 2**
"[I]f you believe from the evidence beyond a reasonable doubt, that . . . Weber, on or about the 1st day of October, A.D. 2010, . . . did then and there intentionally or knowingly cause the mouth of [N.M.], a child younger than 14 years of age, to contact the sexual organ of" Weber "and that the victim was younger than six years of age at the time the offense was committed, you will find the defendant guilty of the offense of Super Aggravated Sexual Assault of a Child as alleged in Count 2."

3

**Count 6**
"[Y]ou will find" Weber "guilty of the offense of Continuous Sexual Abuse of a Young Child as alleged in Count 6" "if you believe from the evidence beyond a reasonable doubt that . . . Weber, a person 17 years of age or older, on or about the 24th day of January, 2009 through the 11th day of December, 2010, . . . during a period that was 30 days or more in duration, committed two or more" of the following "acts of sexual abuse against" N.M. and E.W., who were both "younger than 14 years of age and not" Weber's spouse: "intentionally and knowingly cause the penetration" of N.M.'s mouth by Weber's "sexual organ," cause N.M.'s mouth "to contact" Weber's "sexual organ," cause Weber's mouth "to contact" N.M.'s sexual organ, "cause the penetration of" Weber's mouth by N.M.'s "sexual organ," "cause the penetration of" N.M.'s anus with Weber's finger, cause E.W.'s "sexual organ . . . to contact" Weber's "sexual organ," or "cause the penetration of" E.W.'s anus with Weber's finger, or "intentionally and knowingly with the intent to arouse and gratify" Weber's "sexual desire," "engage in sexual contact" with N.M. "by touching" N.M.'s genitals with Weber's hand, "engage in sexual contact with" N.M. "by causing" N.M. to touch Weber's genitals with N.M.'s hand, "engage in sexual contact with" N.M. "by touching" N.M.'s anus with Weber's hand, "engage in sexual contact with" E.W. "by touching" E.W.'s genitals with Weber's hand, "engage in sexual contact with" E.W. "by touching" E.W.'s anus with Weber's hand, or "engage in sexual contact with" E.W. "by causing" E.W. "to touch" Weber's genitals with E.W.'s hand.[4]

As discussed earlier, the jury convicted Weber of the first two counts of aggravated sexual assault, of two counts of indecency with a child by exposure, and of the count of continuous sexual abuse and recommended that Weber be sentenced to 70 years' imprisonment for the aggravated-sexual-assault convictions and for the continuous-sexual-abuse conviction and to 10 years' imprisonment for the indecency-with-a-child convictions. The district court rendered its judgments of conviction in accordance with those verdicts.

---

[4] The jury charge also specified that if the jury found Weber "not guilty of the offense of Continuous Sexual Assault of a Young Child, please proceed to consider whether" Weber "is guilty or not guilty of each incident of the lesser included offenses of Aggravated Sexual Assault of a Child and/or Indecency with a Child by Contact" in the paragraphs following the discussion of the allegations pertaining to continuous sexual abuse. Having found Weber guilty of continuous sexual abuse, the jury made no determination regarding those lesser-included offenses.

**DISCUSSION**

In his sole issue on appeal, Weber contends that the district court "erred in submitting to the jury a written charge that permitted it to convict [him] in the same criminal action of the offenses of aggravated sexual assault, as alleged in counts I and II of the indictment, and the offense of continuous sexual abuse of young child or children, as alleged in count VI of the indictment, where the victim of the former offenses was the same as one of the victims of the latter offense." When presenting this issue on appeal, Weber relies on the language from the provision of the Penal Code governing the offense of continuous sexual abuse. That section states that an individual commits an offense if "during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims," and if "at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age." Tex. Penal Code § 21.02(b). In addition, the section explains that an "'act of sexual abuse' means any act that is a violation" of several Penal Code provisions including the one pertaining to aggravated sexual assault. *See id.* § 21.02(c). Of significance to the issue on appeal, the section also references the list of Penal Code provisions that set out what qualifies as an act of sexual abuse and provides that "[a] defendant may not be convicted in the same criminal action of an offense" from that list where "the victim is the same victim as a victim of the" continuous-sexual-abuse offense unless the other sexual offense "is charged in the alternative" to the continuous-sexual-abuse offense, "occurred outside the period" of time in which the continuous-sexual abuse was alleged to have been committed, or "is considered by the trier of fact to be a lesser included offense" of the continuous-sexual-abuse offense. *Id.* § 21.02(e).

5

With the above statutory provisions serving as a backdrop, Weber contends that the jury instructions were improper because N.M. was the alleged victim in the two counts for aggravated sexual assault and was one of the alleged victims in the count for continuous sexual abuse, because the day on which the aggravated sexual assaults allegedly occurred fell within the period of time in which the continuous sexual abuse was allegedly occurring, and because the aggravated sexual assaults were not charged as alternatives or listed as lesser-included offenses to the continuous-sexual-abuse count. Accordingly, Weber contends that the district court "erred in submitting to the jury a written charge that permitted it to convict [him] in the same criminal action of the offenses of aggravated sexual assault, as alleged in Counts I and II of the indictment, and the offense of continuous sexual abuse, as alleged in Count VI of the indictment." Further, Weber insists that submitting an instruction that allowed him to be convicted on the two counts of aggravated sexual assault as well as the count for continuous sexual abuse violated the constitutional prohibition on imposing multiple punishments for a single offense. In its appellate filing, the State agrees with Weber.

It appears from the record that Weber made no objection to the jury charge before it was submitted to the jury. *See* Tex. R. App. P. 33.1(a) (stating that to preserve error for appeal, record must show that complaint was made to trial court and that trial court ruled on request or refused to rule and that "the complaining party objected to the refusal"); *see also Swearingen v. State*, 270 S.W.3d 804, 808 (Tex. App.—Austin 2008, pet. ref'd) (explaining that courts review jury-charge claims under two-pronged test and that degree of harm needed to warrant reversal depends on whether error was preserved for appeal). "Nevertheless, [a defendant] may raise a double-

6

jeopardy claim that is apparent on the face of the record for the first time on appeal," *Price v. State*, 413 S.W.3d 158, 161 (Tex. App.—Beaumont 2013), *aff'd by* 434 S.W.3d 601 (Tex. Crim. App. 2014), "'when the enforcement of the usual rules of procedural default serves no legitimate state interest,'" *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006) (discussing fundamental nature of double-jeopardy violations and quoting *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000)). "A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim." *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013).

"The Double Jeopardy Clause of the Fifth Amendment . . . protects an accused against a second prosecution for the same offense for which he has been previously acquitted or previously convicted" and "also protects him from being punished more than once for the same offense in a single prosecution." *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010); *see Bigon v. State*, 252 S.W.3d 360, 369 (Tex. Crim. App. 2008) (explaining that Fifth Amendment protects "against multiple punishments for the same offense"). "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275-76 (Tex. Crim. App. 2008). "Sameness in this context is a matter of legislative intent." *Id.* at 276. "The question of whether an individual may be punished for the same criminal act under two distinct statutes is a matter of legislative intent." *Price*, 434 S.W.3d at 609.

Recently, the court of criminal appeals was presented with an issue similar to the one presented in this case and thoroughly construed the continuous-sexual-abuse statute. *See id.* at 605-10. In *Price*, Price was convicted of continuous sexual abuse as well as "criminal attempt to commit a predicate offense under that statute," which was alleged to have occurred within the period of time in which the continuous sexual abuse was alleged to have taken place. *Id.* at 603-04. When addressing whether those convictions constituted a double-jeopardy violation, the court explained that "[t]he statutory language reflects that the Legislature intended to permit one conviction for continuous sexual abuse based on the repeated acts of sexual abuse that occur over an extended period of time against a single complainant." *Id.* at 605-06. Further, the court noted that the "'acts of sexual abuse' are specifically enumerated and are lesser-included offenses of the offense of continuous sexual abuse." *Id.* at 606 (quoting Tex. Penal Code § 21.02(c)); *see Soliz v. State*, 353 S.W.3d 850, 854 (Tex. Crim. App. 2011) (stating that predicate offense listed in Subsection (c) "will *always*" be lesser-included offense of continuous sexual abuse because "continuous sexual abuse is, by its very definition, the commission under certain circumstances of two or more of the offenses listed in Subsection (c)"). Moreover, the court clarified that "[t]he statutory language further reflects that the Legislature clearly intended to disallow dual convictions for the offense of continuous sexual abuse and for offenses enumerated as 'acts of sexual abuse' when based on conduct against the same child during the same period of time." *Price*, 434 S.W.3d at 606. In other words, "[a] defendant charged with continuous sexual abuse who is tried in the same criminal action for an enumerated offense based on conduct committed against the same victim may not be convicted for both offenses unless the latter offense occurred outside the period of time in which

8

the continuous-sexual-abuse offense was committed." *Id.* Ultimately, the court determined "that it would violate a defendant's rights against double jeopardy to permit convictions for both continuous sexual abuse and an attempt to commit a predicate act with respect to conduct committed against the same complainant during the same period of time." *Id.* at 610.

In light of the fact that the three convictions at issue were based on conduct occurring in the same period of time and in light of the language of the jury charge and of the governing statute, we conclude that Weber's double-jeopardy claim is apparent from the face of the record. *See Price*, 413 S.W.3d at 161-64 (noting that double-jeopardy claims may only be raised for first time on appeal if they are apparent on face of record and then addressing double-jeopardy complaint that it was improper to convict person of continuous sexual abuse and attempted aggravated sexual assault that were alleged to have occurred in same period of time). Further, because the convictions at issue all arose from the same trial, enforcement of the usual rules of procedural default serves no legitimate State interest. *See Johnson v. State*, 208 S.W.3d 478, 510 (Tex. App.—Austin 2006, pet. ref'd) (explaining that enforcement of rules of procedural default served no State interest when "both convictions arise out of the same trial" and were based on same conduct). Moreover, based on the analysis by the court of criminal appeals in *Price* and given that N.M. was the alleged victim in both aggravated-sexual-assault convictions and was one of the victims in the continuous-sexual-abuse conviction and that the aggravated sexual assaults were alleged to have occurred within the period of time in which the continuous acts of sexual abuse were allegedly occurring, we must conclude that Weber's rights against double jeopardy were violated when he was convicted of the two counts of aggravated sexual assault and of the count of continuous sexual abuse. Accordingly, we sustain Weber's issue on appeal.

9

Having determined that a double-jeopardy violation occurred, we must now consider what is the appropriate remedy. *Cf. Ibenyenwa v. State*, 367 S.W.3d 420, 426 (Tex. App.—Fort Worth 2012, pet. ref'd) (recognizing that if court overruled complaints regarding continuous-sexual-abuse conviction, it "must reverse the remainder of the convictions for aggravated sexual assault and indecency with a child"). In general, "[w]hen a defendant is subjected to multiple punishments for the same conduct, the remedy is to affirm the conviction for the most serious offense and vacate the other convictions," *Bigon*, 252 S.W.3d at 372, and "the 'most serious' offense is the offense of conviction for which the greatest sentence was assessed," *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). Both Weber and the State urge that the appropriate remedy in this case is for "this Court to reverse and vacate" the two aggravated-sexual-assault convictions for the two counts alleged in counts one and two of the indictment, and we agree.

Although Weber was given the same sentence for his aggravated-sexual-assault convictions as he was for his continuous-sexual-abuse conviction, as discussed earlier, the court of criminal appeals has explained that the individual acts of abuse alleged as part of the offense of continuous sexual abuse, including aggravated sexual assault, are lesser-included offenses of the greater offense of continuous sexual abuse. *Price*, 434 S.W.3d at 609. In light of that characterization, we must conclude that Weber's conviction for continuous sexual abuse is the more serious offense. *See Carmichael v. State*, ___ S.W.3d ___, No. 04-15-00572-CR, 2016 WL 6088976, at *2 (Tex. App.—San Antonio Oct. 19, 2016, pet. filed) (vacating aggravated-sexual assault conviction but upholding continuous-sexual-abuse conviction after determining that double-jeopardy violation occurred even though both convictions had same punishment imposed). This conclusion is further

10

buttressed by the fact that no conviction for continuous sexual abuse is eligible for parole whereas certain types of aggravated-sexual-assault convictions are eligible for parole. *See* Tex. Gov't Code § 508.145(a) (specifying in part that "[a]n inmate . . . serving a sentence for" continuous sexual abuse or for aggravated sexual assault involving victim younger than six years of age or victim younger than fourteen years of age if offense is committed in certain statutorily described manners "is not eligible for release on parole"). Accordingly, we believe that the proper remedy is to vacate Weber's two convictions for aggravated sexual assault and to uphold his conviction for continuous sexual abuse.

## CONCLUSION

Having sustained Weber's sole issue on appeal, we reverse and vacate the district court's judgments of conviction for aggravated sexual assault and affirm the remainder of the district court's judgments of conviction. *See* Tex. R. App. P. 43.2 (listing permissible judgments by appellate courts).

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed in Part; Reversed and Vacated in Part

Filed:   January 12, 2017

Publish

11