

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0203-19

**MATTHEW JOSEPH ALLEN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

WALKER, J., delivered the opinion of the Court in which KELLER, P.J., and HERVEY, RICHARDSON, YEARY, NEWELL, KEEL, and MCCLURE, JJ., joined. SLAUGHTER, J., dissented.

## O P I N I O N

A jury found Matthew Joseph Allen, Appellant, guilty of committing Continuous Sexual Abuse of a Young Child, Indecency with a Child by Exposure, and Indecency with a Child by Contact. Appellant challenged the sufficiency of the evidence, and the court of appeals upheld the convictions for Continuous Sexual Abuse of a Young Child and Indecency with a Child by Contact but reversed the Indecency with a Child by Exposure conviction. In upholding the Indecency with a Child by Contact conviction, the court of appeals modified the judgment to state that the offense

was committed in December 2011, which is within the October 1, 2009–August 15, 2012 time period that the indictment alleged for the Continuous Sexual Abuse of a Young Child offense. We hold that Appellant's conviction for Indecency with a Child by Contact violates § 21.02(e)(2) of the Penal Code. The evidence supporting the Indecency with a Child by Contact offense shows that it occurred within the time period the Continuous Sexual Abuse of a Young Child offense was committed. We affirm the judgment of the court of appeals in part, reverse the judgment of the court of appeals in part, and we vacate Appellant's conviction for Indecency with a Child by Contact.

## I — Background

When A.H. was ten years old and in the fourth grade,[1] her stepfather, Appellant, made her touch his penis by grabbing her hand and having her touch him over his clothes. Although A.H. could not remember exactly how many times this occurred or over how long a period it occurred, it happened more than once and occurred about once a month until the family moved from Texas to Iowa during the summer of 2009, between A.H.'s fourth and fifth grade school years. The level of abuse escalated and became more frequent in Iowa, ultimately leading to Appellant penetrating her vagina with his finger. The family moved back to Texas when A.H. was in the middle of the seventh grade, in December 2011. Back in Texas, Appellant made A.H.'s hand touch his penis over his clothing once or twice more, and then the abuse stopped.

Appellant was charged in a nine-count indictment alleging sexual offenses committed against A.H. After the State rested and before Appellant testified in his own defense, Appellant moved for a directed verdict on Counts I–V, VII, and VIII. The motion was denied as to Counts I and II, but the

---

[1] Although the victim was eighteen years old at the time of trial, she was a minor at the time of the offense and we will refer to her by her initials.

trial court "granted" the motion as to the other counts after the State abandoned them as well as Count IX.[2] As a result of the motion hearing, Counts I, II, and VI were left. Count I alleged that Appellant committed the offense of Continuous Sexual Abuse of a Young Child on or about October 1, 2009 through August 15, 2012.[3] Count II alleged that Appellant committed the offense of Indecency with a Child by Exposure on or about October 1, 2009.[4] Count VI alleged that Appellant committed the offense of Indecency with a Child by Contact on or about September 25, 2009.[5] The jury returned a guilty verdict on the three remaining counts, and Appellant was sentenced to thirty-five years, five years, and fifteen years for the three offenses, respectively.

## II — At the Court of Appeals

On appeal, Appellant challenged the sufficiency of the evidence supporting the convictions. *Allen v. State*, No. 05-17-00226-CR, 2018 WL 3434545, at \*1 (Tex. App.—Dallas July 17, 2018) (mem. op., not designated for publication). Even though the evidence regarding the Continuous Sexual Abuse of a Young Child conviction was conflicting, the court of appeals determined that the jury resolved the conflict on evidence that A.H. responded affirmatively to questions referring to multiple instances of touching, on A.H.'s testimony that the touching began in the middle of fourth grade and occurred about once a month, and on A.H.'s mother's testimony that the family moved out of Texas during the summer before A.H. started fifth grade. *Id.* at \*1–2. The court of appeals determined that the Indecency with a Child by Exposure conviction, however, was not supported by

---

[2] Rep. R. vol. 5, 14–15.

[3] *See* TEX. PENAL CODE Ann. § 21.02(b).

[4] *See* TEX. PENAL CODE Ann. § 21.11(a)(2)(A).

[5] *See* TEX. PENAL CODE Ann. § 21.11(a)(1).

sufficient evidence because there was no evidence in the record that Appellant exposed his genitals to A.H. *Id.* at *2. Finally, the court of appeals found that the Indecency with a Child by Contact conviction was supported by A.H.'s testimony that, after they moved back to Texas and during the December when A.H. was in seventh grade, Appellant caused her to touch his genitals over his clothing. *Id.* at *5. Noting that A.H.'s seventh grade school year was in 2011, the court of appeals modified the judgment to reflect an offense date of December 2011 instead of the date entered by the trial court on the Judgment of Conviction: October 1, 2009. *Id.*

Because December 2011 is within the October 1, 2009–August 15, 2012 time period alleged in Count I of the indictment for Continuous Sexual Abuse of a Young Child, Appellant and the State filed cross-motions for rehearing, both arguing that Penal Code § 21.02(e) and Appellant's right against double jeopardy were violated.[6] The court of appeals denied both motions and, instead of changing the date on the judgment, withdrew its earlier opinion and delivered a new opinion. *Allen v. State*, No. 05-17-00226-CR, 2018 WL 6065095, at *1 (Tex. App.—Dallas Nov. 20, 2018, op. on reh'g) (mem. op., not designated for publication). In this new opinion, the court of appeals again upheld the Continuous Sexual Abuse of a Young Child conviction as supported by sufficient evidence, namely, that A.H. responded affirmatively to questions referring to multiple instances of touching, on A.H.'s testimony that the touching began in the middle of fourth grade and occurred about once a month, and on A.H.'s mother's testimony that the family moved out of Texas during the summer before A.H. started fifth grade. *Id.* at *1–2. The court of appeals explained that the evidence supporting the Continuous Sexual Abuse of a Young Child conviction showed that the

---

[6] Appellant's motion also reasserted that the evidence was insufficient to support the two convictions.

offense was committed between the middle of the 2008–2009 school year and the summer of 2009, before the family moved out of Texas. *Id.*

Appellant's petition for discretionary review challenges the court of appeals's judgment upholding the Indecency with a Child by Contact conviction. According to Appellant, because the evidence shows the offense occurred during the time alleged for the Continuous Sexual Abuse of a Young Child offense, the court of appeals was required to affirm either the Continuous Sexual Abuse of a Young Child conviction or the Indecency with a Child by Contact conviction, but not both; otherwise, the dual convictions would violate § 21.02(e) and the Double Jeopardy Clause of the Fifth Amendment.

### III — Section 21.02(e)

In determining the operation of the statute, we begin by examining its literal text. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Section 21.02(e) provides:

(e)     A defendant may not be convicted in the same criminal action of an offense listed under Subsection (c) the victim of which is the same victim as a victim of the offense alleged under Subsection (b) unless the offense listed in Subsection (c):

    (1)     is charged in the alternative;

    (2)     occurred outside the period in which the offense alleged under Subsection (b) was committed; or

    (3)     is considered by the trier of fact to be a lesser included offense of the offense alleged under Subsection (b).

TEX PENAL CODE Ann. § 21.02(e). The issue before us is whether Appellant's dual convictions are allowed under the § 21.02(e)(2) exception. It is without question that Appellant's Indecency with a Child by Contact offense, which involved causing A.H. to touch his genitals over his clothing, is "an

offense listed under Subsection(c)." TEX. PENAL CODE Ann. § 21.02(c)(2). Similarly, there is no doubt that Appellant was convicted of the offense in the same criminal action or that the victim involved in both offenses is the same. The next part, however, is disputed.

Appellant points to the fact that although the Indecency with a Child by Contact offense was alleged in the indictment to have occurred on or about September 25, 2009, the State at trial and on appeal relied on evidence of conduct in December 2011, and the court of appeals similarly relied upon evidence showing the offense was committed in December 2011. The court of appeals's reliance was then made patently clear when it modified the judgment to reflect an offense date of December 2011. According to Appellant, because the Indecency with a Child by Contact offense occurred in December 2011, it cannot be upheld as it is within the October 1, 2009–August 15, 2012 time period alleged in the indictment for the Continuous Sexual Abuse of a Young Child offense.[7]

Appellant's argument appears to depend upon the use of the word "alleged" in § 21.02(e)(2). From the indictment, "the period in which the offense alleged under Subsection (b)" is October 1, 2009–August 15, 2012. However, the court of appeals determined that the evidence was sufficient for the jury to conclude that the offense "was committed" between the middle of the 2008–2009 school year and the summer of 2009. *Allen*, 2018 WL 6065095, at *2. If the "alleged" time frame is controlling, Appellant's dual convictions in this case violate the statute. But if the "was committed" time frame is controlling, the convictions are legal and there is no error.

The full text of § 21.02(e)(2) states the exception applies if the § 21.02(c) offense "occurred

---

[7] While the apparent agreement between the State, the court of appeals, and Appellant that the Indecency with a Child by Contact offense was committed in December 2011 does not necessarily establish when the offense was actually committed, it does point toward a conclusion that the evidence showed that the offense was indeed committed during the month of December 2011.

outside the period in which the offense alleged under Subsection (b) was committed . . . ." TEX. PENAL CODE Ann. § 21.02(e)(2). We initially note the statute uses the words "was committed" instead of "was alleged." This choice compels a construction that does not give controlling effect to "alleged." The statute does not say "occurred outside the period in which the offense was alleged to have been committed under Subsection (b)."

Furthermore, when construing statutes, we give effect to every word, phrase, clause, and sentence when reasonably possible. *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020); *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997). If "alleged" was controlling, "was committed" would be rendered inert. On the other hand, if "was committed" was controlling, "alleged under Subsection (b)" would still serve a purpose, albeit a minor one. It would serve to self-identify or self-reference the continuous abuse offense under consideration. Because giving controlling effect to "was committed" gives substance to both phrases, this is a strong indication that "was committed" should be controlling instead of "alleged."

We also note that § 21.02(e) begins by saying that a defendant "may not be convicted" of a § 21.02(c) offense instead of "may not be charged." Thus the § 21.02(e) prohibition against dual convictions, and therefore any exception to § 21.02(e), presupposes that the defendant has been convicted of a continuous abuse offense in the first place. Such a conviction itself depends on evidence from which the fact finder could find the defendant guilty. Such evidence would show when the continuous abuse offense was committed. Of course, to be convicted a defendant must first be charged with a crime, and the charge must include a date allegation. *See Hess v. State*, 528 S.W.2d 842, 843 (Tex. Crim. App. 1975) ("An indictment to be sufficient must give the day, month, and year of the commission of the offense."); *accord Hill v. State*, 544 S.W.2d 411, 413 (Tex. Crim.

App. 1976); *see also* TEX. CODE CRIM. PROC. Ann. art. 21.02(6) (time mentioned in indictment "must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation"). However, the particular date alleged in the indictment is not binding on the prosecution, and a conviction may be had based on evidence showing a completely different date than that alleged in the indictment. *Sledge v. State*, 953 S.W.2d 253, 255–56 (Tex. Crim. App. 1997). Section 21.02(e)'s threshold statement that a defendant "may not be convicted" is a further indication that the time period when the continuous abuse offense "was committed" should be controlling, not the time period alleged in the indictment.

Appellant, in his brief, points to *Price v. State*, 434 S.W.3d 601 (Tex. Crim. App. 2014), in which we previously construed § 21.02(e). According to Appellant, under *Price* "the fact finder would only be able to find Appellant guilty of either the continuous sexual abuse of a child, or, alternatively, indecency with a child by sexual contact, but not both."[8]

Appellant's reliance on *Price* is misplaced. The issue we were concerned with in *Price* was whether an attempt to commit a § 21.02(c) offense counts for the purposes of § 21.02(e), because § 21.02(e) makes no mention of "attempt." *Price*, 434 S.W.3d at 604, 606. This was a source of ambiguity that we resolved by examining extratextual factors such as legislative intent. *Id.* at 607. We held that the § 21.02(e) prohibition included attempts to commit § 21.02(c) offenses, and we affirmed the court of appeals's judgment vacating the attempt conviction where the defendant had been convicted of both a continuous abuse offense and an attempt to commit a § 21.02(c) offense. *Id.* at 611, 604. In this case, Appellant was convicted of committing Continuous Sexual Abuse of a Young Child and committing an offense listed in § 21.02(c). Appellant was not convicted of

---

[8] Appellant's Br. at. 27.

committing Continuous Sexual Abuse of a Young Child and attempting to commit an offense listed in § 21.02(c).

The second problem with Appellant's reliance on *Price* is that our discussion in *Price* supports the court of appeals's judgment upholding the Indecency with a Child by Contact conviction. With regard to § 21.02(e) when the § 21.02(c) offense is actually committed and not merely attempted, we explained that "[t]he statutory language further reflects that the Legislature clearly intended to disallow dual convictions for the offense of continuous sexual abuse and for offenses enumerated as 'acts of sexual abuse' *when based on conduct* against the same child *during the same period of time*." *Id.* at 606 (emphasis added). We did not say "when based on allegations of conduct . . . during the same period of time" or "when based on conduct . . . alleged to have occurred during the same period of time."

Our discussion in *Price* continued:

> A defendant charged with continuous sexual abuse who is tried in the same criminal action for an enumerated offense based on conduct committed against the same victim may not be convicted for both offenses unless the latter offense occurred outside the period of time in which the continuous-sexual-abuse offense *was committed*.

*Id.* (emphasis added).

"We conclude[d] that the statutory language is plain in providing that, when the acts alleged were committed against a single child, the Legislature did not intend to permit dual convictions for continuous sexual abuse and for an enumerated act of sexual abuse unless the latter *occurred during a different period of time*." *Id.* (emphasis added). Whether the § 21.02(c) offense occurred during a different period of time depends not only on evidence showing when the § 21.02(c) offense occurred but also on evidence showing that the enumerated act was committed outside of the period

that the § 21.02(c) offense was committed.

Based upon the foregoing, we conclude that "was committed" controls. We hold that in determining whether a defendant may be convicted for a continuous abuse offense and an offense listed in § 21.02(c) in the same criminal action and against the same victim, the proper consideration is whether the evidence shows that the § 21.02(c) offense occurred outside of the period that the continuous abuse offense was committed. The determination does not consider whether the § 21.02(c) offense occurred outside the time period alleged in the indictment for the continuous abuse offense.

Returning to Appellant's case, the first question is when the Continuous Sexual Abuse of a Young Child offense was committed. The date an offense was committed cannot be determined by looking at an indictment, it must be determined by looking at the evidence presented at trial. The court of appeals determined that the evidence supported a time frame of the middle of the 2008–2009 school year to the summer of 2009. But the evidence showed not only those instances of abuse. The totality of the evidence also showed that the abuse continued after the family moved out of Texas to Iowa, and that, after returning to Texas, the abuse continued in December 2011. The court of appeals improperly excluded the December 2011 incident from the continuing abuse period. To be clear, Appellant cannot be held liable in Texas for the acts committed in Iowa. *See* TEX. PENAL CODE Ann. § 1.04. But the acts committed in Texas, before the move away and after the return, are part of the same long, continuous offense.[9] The evidence supporting the jury's guilty verdict shows that

---

[9] It may be a different case if the evidence shows a clear period of continuing abuse, and, after several years during which no abuse occurred, an isolated incident of abuse. Whether the continuing sexual abuse time period can include the isolated incident in such a case will have to wait until the proper case presents itself.

the Continuous Sexual Abuse of a Young Child offense was committed from the middle of the 2008–2009 school year through December 2011. Our review of the record leads us to conclude that the evidence supporting the jury's guilty verdict on the Indecency with a Child by Contact offense shows that the offense occurred some time between the middle of the 2008–2009 school year and December 31, 2011,[10] which is the longest span of continuous sexual abuse that is supported by the record. Because the Indecency with a Child by Contact offense did not occur outside the period in which the Continuous Sexual Abuse of a Young Child offense was committed, Appellant's dual convictions for both offenses violate § 21.02(e)(2).

Accordingly, Appellant's conviction for Indecency with a Child by Contact cannot be upheld, and the conviction is reversed. Because we reverse Appellant's conviction for Indecency with a Child by Contact on statutory grounds, we need not address Appellant's alternate argument that the dual convictions violate the Double Jeopardy Clause of the Fifth Amendment.

### IV — Section 21.02(d) and *Ramos v. Louisiana*

After the Supreme Court's recent decision in *Ramos v. Louisiana*, 140 S.Ct. 1390 (2020), Appellant was granted leave to file a post-submission ground for review in which he asks whether the jury must be unanimous on which particular acts of sexual abuse were committed despite the language of § 21.02(d) providing otherwise. Upon further consideration by this Court, we conclude that our decision to grant Appellant's motion for leave to file his post-submission ground for review was improvident. We therefore dismiss Appellant's post-submission ground for review as improvidently granted.

---

[10] The State, Appellant, and the court of appeals apparently agree that the evidence shows the Indecency with a Child by Contact offense was committed in December 2011, which is between the middle of the 2008–2009 school year and December 31, 2011.

**V — Conclusion**

In conclusion, in upholding Appellant's conviction for Indecency with a Child by Contact as supported by sufficient evidence, when that evidence showed that the offense occurred within the time period that the Continuous Sexual Abuse of a Young Child offense was committed, the court of appeals erred. The judgment of the court of appeals is affirmed in part and reversed in part, and Appellant's conviction for Indecency with a Child by Contact is vacated.

Delivered: April 21, 2021
Publish