

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0847-15 & PD-0848-15

### KOJUAN J. MILES, Appellant

### v.

### THE STATE OF TEXAS

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTEENTH COURT OF APPEALS
## HARRIS COUNTY

KELLER, P.J., filed a dissenting opinion in which KEASLER, YEARY and NEWELL, JJ., joined.

Sentences for convictions of multiple offenses arising out of the same criminal episode and tried in the same criminal action must run concurrently unless a specific exception within chapter three provides otherwise.[1] The offenses of sexual assault of a child[2] and compelling prostitution[3] are listed in TEX. PENAL CODE § 3.03(b) as exceptions to the rule that sentences shall run

---

[1] TEX. PENAL CODE § 3.03(a).

[2] TEX. PENAL CODE § 3.03(b)(2).

[3] TEX. PENAL CODE § 3.03(b)(5).

concurrently. The issue here is whether a sentence for sexual assault of a child can be stacked upon a sentence for compelling prostitution. The Court holds that these sentences cannot be stacked. I disagree.

## Analysis

I believe the statute permits stacked sentences for separate offenses listed in Section 3.03(b) even when the offenses appear in different paragraphs. This case is primarily about a statutory interpretation disagreement.[4] I believe the statute is ambiguous and that pertinent extra-textual factors indicate Section 3.03(b) offenses may be stacked.

## Section 3.03(b) is ambiguous.

When a statute is ambiguous, it is appropriate to employ extra-textual tools in the analysis such as an examination of the legislative history and the consequences of a particular construction.[5] A statute is ambiguous when it is reasonably susceptible to more than one understanding.[6] I believe that Section 3.03(b) is reasonably susceptible to more than one interpretation.

The Court agrees with the court of appeals that permitting stacked sentences across Section

---

[4] The court of appeals acknowledged that at least one part of Section 3.03(b) "can be interpreted in two ways," but still found the statute to be unambiguous. *Miles v. State*, 468 S.W.3d 719, 734 (Tex. App.—Houston [14 th Dist.] 2015, pet. granted).

[5] *See* TEX. GOV'T CODE § 311.023; *Chase v. State*, 448 S.W.3d 6, 11 (Tex. Crim. App. 2014) ("If the language of a statute is ambiguous, or the plain meaning leads to such absurd results, then a court may consult extra-textual factors . . . . Extra-textual factors include but are not limited to . . . the legislative history, [and] the consequences of a particular construction."); *Price v. State*, 434 S.W.3d 601, 607 (Tex. Crim. App. 2014) ("We may consider de novo several extra-textual factors to discern the Legislature's intent.").

[6] *Chase v. State*, 448 S.W.3d at 11.

3.03(b)'s subsections renders the "both sections" language in subsections (b)(1), (b)(3), and (b)(5) "meaningless and irreconcilable."[7] I disagree that the "both sections" language becomes meaningless or irreconcilable when stacking is allowed across subsections of Section 3.03(b). All that language means is that an offender of, say, multiple acts of compelling several 15-year-old victims into prostitution across state lines (which would violate both sections of Section 3.03(b)(5) for compelling prostitution and human trafficking), could still be subject to stacked sentences for the contemporaneous sexual assault of those same victims. I understand the statute to mean that an offender can be convicted of either Section 20A.02 or Section 43.05, *or both*, and still serve a stacked term for a sexual assault offense arising out of the same criminal episode.

The Court also agrees that language from the subsections' paragraph (B) indicates that only the offenses listed in the subsections' companion paragraph (A) may be stacked together. The purpose of the paragraph (B)s is to permit stacked sentences even when convictions result from plea agreements.[8] Those paragraphs do not reveal a legislative intent to prohibit stacking of different offenses across Section 3.03(b).

Finally, the Court contends that the word "or" between subsections (b)(5) and (b)(6) should be read to make the Section 3.03(b) offenses exclusive from one another.[9] The syntax of the statute,

---

[7] *Miles v. State*, 468 S.W.3d 719 at 733.

[8] *Nguyen v. State*, 359 S.W.3d 636, 645 (Tex. Crim. App. 2012) ("[T]he legislative history indicates that the amendments to Sections 3.03(b)(2)(A) & (B) in the 1997 omnibus act dealing with deferred adjudication for sex offenders authorize a trial judge to cumulate sentences when a defendant has been formally found guilty or 'entered into a plea bargain for two or more of certain specified sex offenses occurring in the same criminal episode.'").

[9] *Miles v. State*, 468 S.W.3d 719 at 734.

however, suggests that the offense paragraphs (b)(1)–(6) should be read inclusively. If the "or" between Section 3.03(b)(5) and Section 3.03(b)(6) truly served an exclusive purpose, then the absence of that same word – "or" – from every other subsection becomes increasingly conspicuous. The Legislature could have written "or" after every semicolon between (b)(1), (b)(2), (b)(3), and (b)(4) to exclusively cordon off the offenses listed within those subsections, but it did not.

### The legislative history of Section 3.03(b) indicates that the Legislature did not intend to restrict stacked sentences to only those offenses listed in the same subsection.

The legislative history of the statute suggests that all the Section 3.03(b) offenses may be stacked regardless of where they are listed in the statute. Since 1997, the Legislature has added new offenses to Section 3.03(b) in piecemeal fashion. The offenses are listed in separate paragraphs not because of any discernable Legislative intention to restrict stacking to offenses found within the same paragraph, but in order to clarify the requirements particular to each offense. For example, stacking is only available for (b)(2) sex offenses if the victim is under the age of 17, and stacking is only available for (b)(6) offenses if the offenses are first degree felonies. The offenses listed throughout Section 3.03(b) are compartmentalized according to their nature and requirements, but that does not mean that a sentence for one offense cannot be stacked upon another offense listed in a different section.

In 2013, the bill analysis of Section 3.03 offered an explanation of the statute indicating that all offenses listed in Section 3.03(b) may run consecutively.[10] The use of the word "and" in the bill

---

[10] House Research Organization, BILL ANALYSIS FROM HOUSE CRIMINAL JURISPRUDENCE COMMITTEE, H.B. 220 (April 18, 2013) ("Sentences for convictions of plea agreements for the following offenses may run concurrently or consecutively: intoxication assault or manslaughter; online solicitation of a minor; continuous sexual abuse of a child; indecency with a child; sexual

analysis to connect all the Section 3.03(b) offenses creates an inclusive connotation. The legislative history of Section 3.03(b) thus suggests that legislators did not intend to restrict sentence stacking to only offenses listed in the same paragraphs as each other.

The Court holds that the "unambiguous language of Section 3.03(b) provides that a sentence for compelling prostitution may not be stacked with a sentence for sexual assault of a child when the offenses arise out of the same criminal episode and are prosecuted in a single criminal action." According to the Court's narrow reading of the statute, the only other offense with which appellant's 23-year imprisonment sentence could be stacked is human trafficking under Section 20A.02. The consequence of this interpretation is that a sentence for sexual assault of a child cannot be stacked with a sentence for compelling prostitution, even though the two offenses often bear a ready relationship. I do not agree with the interpretation or the result of the Court's decision, and I do not believe that the Legislature contemplated this outcome.

For all these reasons, I believe sentences for Section 3.03(b) offenses may be stacked with each other even if they are listed in different sections of the statute. I would have left the trial court's cumulation order undisturbed. Because the Court does not arrive at this conclusion, I respectfully dissent.

Filed: November 16, 2016
Publish

---

assault or aggravated sexual assault; incest; sexual performance by a child; improper photography or visual recording; possession or promotion of child pornography; trafficking of persons; **and** compelling prostitution.") (emphasis added).