

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00018-CR

CHRISTOPHER JEFF LANGSTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 20F0184-102

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

After a Bowie County jury found Christopher Jeff Langston guilty of sexual assault of a child, the trial court sentenced him to life in prison and fined him $10,000.00. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (Supp.). Langston appeals, asserting that the judgment and conviction violated his protection against double jeopardy. Because there is no double jeopardy violation clearly apparent from the record, we affirm the judgment of the trial court.

## I.     Background

In April 2015, Langston was charged with, pled guilty to, and was convicted of possession of a controlled substance in trial court cause number 14F0759-102. During his trial in this case, which is trial court cause number 20F0184-102, Langston orally argued,

> We have a motion to dismiss based on double jeopardy and res judicata. Defendant was previously convicted in a felony offense, Cause Number 14F0759-102. There was also a 13 pre-file number that was never gone forward. And it is my client's assertion that part of the plea deal was that all criminal activity prior to that was considered and dismissed. Specifically, there was at least one filing as well as one -- the incident case had been reported to law enforcement at that time and it is his feeling and my assertion that by resolving that matter with the guilty plea to the drug offense then that this prosecution in the instant case is barred by double jeopardy and res judicata. And so I would ask the Court leave of time to get those -- I've asked for the scripts as well as the judgements and the clerk's office is working on those now to further aid in the Court's decision regarding that matter.

The record is unclear as to whether the trial court issued a specific ruling on Langston's double jeopardy argument; however, it admitted, as record evidence, defendant's exhibit one, which contained certified copies of documents that had been filed in cause number 14F0759-102.

On appeal, Langston argues that "the prosecution for any criminal matters that occurred prior to his previous conviction and incarceration in 2015 should be barred by double jeopardy

2

because his plea bargain on that matter included a provision that all other charges prior to that plea would be considered and dismissed." We disagree.

## II. Discussion

The Double Jeopardy Clause "protects 'against multiple punishments for the same offense.'" *Price v. State*, 434 S.W.3d 601, 609 (Tex. Crim. App. 2014) (quoting *Whalen v. United States*, 445 U.S. 684, 688 (1980)); *see* U.S. CONST. amends. V, XIV. The Texas Constitution provides substantially identical protections. *See* TEX. CONST. art. I, § 14 ("No person, for the same offense, shall be twice put in jeopardy of life or liberty; nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."). Because of the fundamental nature of double jeopardy protections, "a [double jeopardy] claim may be raised for the first time on appeal when (1) the undisputed facts show the double-jeopardy violation is clearly apparent from the face of the record, and (2) enforcement of the usual rules of procedural default serves no legitimate state interest." *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014) (citing *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000)).

In this case, the State maintains that there was no evidence in the record to "even suggest[]" that the 2015 plea agreement had any relevance to the charged offense in this case. We agree.

The indictment in 14F0759-102 alleged that, "on or about August 7, 2014, [Langston] did unlawfully then and there intentionally or knowingly possess a controlled substance, namely,

3

**Cocaine**, in the amount of **more than four grams and less than two hundred grams**." Pursuant to a plea agreement, Langston pled guilty to that charge.

The amended indictment in the pending case alleged that, "on or about <u>November 15, 2013</u>, [Langston] did unlawfully then and there intentionally or knowingly cause the penetration of the <u>sexual organ</u> of <u>Brittney Watson (a pseudonym)</u>, a child who was then and there younger than 17 years of age, by the <u>defendant's sexual organ</u>." Clearly, Langston was not tried, and/or found guilty, of sexually assaulting Watson in cause number 14F0759-102.

Yet, Langston maintains that, based on a plea agreement made in cause number 14F0759-102, the sexual assault charge in this case was dismissed. The record does not support Langston's contention. The agreed punishment recommendation in cause number 14F0759-102 stated (1) that Langston would be sentenced to eight years' confinement on the drug charge; a charge of online solicitation of a minor in cause number 13F0421-202 would be "considered" and, therefore, dismissed; (2) the State would not prosecute a charge of unlawful possession of a firearm by a felon; and (3) Langston's eight-year sentence on the drug charge would run concurrently with any Dallas County sentence. The trial court's judgment of conviction echoed the parties' agreement. In addition to the punishment recommendation and the judgment, the record contains the State's written motion for non-prosecution, asking the court to dismiss the charge of online solicitation of a minor in cause number 13F0421-202 "[i]n the interest of justice due to insufficient evidence." There is no similar motion in the record relating to the sexual assault charge in this case. Likewise, the trial court's handwritten docket sheet in cause number 14F0759-102 confirms that (1) Langston pled guilty to possession of a controlled substance,

4

(2) he was sentenced to eight years in prison, and (3) the case filed under cause number 13F0421-202 would be dismissed. There is no mention in any of those documents relating to the case now before this Court.

With the exception of Langston's argument at trial, there is nothing in the record to support his contention that the sexual assault offense in this case was dismissed pursuant to the plea agreement in cause number 14F0759-102. Consequently, Langston's constitutional right to be free from double jeopardy was not violated.

We overrule Langston's sole point of error.

## III. Conclusion

We affirm the trial court's judgment of conviction.

Scott E. Stevens
Justice

Date Submitted: October 24, 2022
Date Decided: October 28, 2022

Do Not Publish