

# NUMBER 13-22-00602-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE ANGEL DIAZ,                                     **Appellant,**

**v.**

THE STATE OF TEXAS,                                      **Appellee.**

## ON APPEAL FROM THE 206TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Benavides**

A jury convicted appellant Jose Angel Diaz of continuous sexual abuse of a child, a first-degree felony; indecency with a child by sexual contact, a second-degree felony; and aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. §§ 21.02(h), 21.11(d), 22.021(e). The jury sentenced Diaz to twenty-five years' imprisonment for continuous sexual abuse, two years' imprisonment for indecency with a

child, and five years' imprisonment for aggravated sexual assault of a child. The trial court ordered the sentences to run consecutively.

By five issues that we interpret as two, Diaz argues that: (1) the jury charge contained multiple errors; and (2) his convictions for continuous sexual abuse and aggravated sexual assault violate double jeopardy. The State concedes the second issue. We affirm the convictions for continuous sexual abuse of a child and indecency with a child by contact and vacate Diaz's conviction for aggravated sexual assault of a child.

## I.    BACKGROUND

In 2019, twelve-year-old J.G. (Jane)[1] made an outcry of sexual abuse involving Diaz, her uncle. Trial commenced on December 5, 2022. Jane, who was sixteen at the time of trial, explained that after her father passed away, Jane, her mother, and her siblings would frequently stay with Jane's maternal aunt and Diaz. Jane recalled that the first incident of sexual abuse occurred when she was eight years old. According to Jane, after lying down in bed next to her aunt, Jane felt Diaz's fingers "[i]nside [her] vagina." Jane testified that Diaz touched both her "vagina" and "boobs" during this incident. Jane recounted that this abuse continued "[f]or two to three years."

Jane described several more incidents of abuse in less detail. Jane recalled that, on one occasion when she was nine years old, Diaz "[l]ick[ed]" her breasts. When she was ten years old, Diaz also put his fingers inside her vagina. Additionally, Jane testified that, at some point, "[h]e grabbed [her] hand and put it [o]n his part." Jane testified that

---

[1] To protect the identity of the complainant, we refer to her by a pseudonym. *See* TEX. CONST. art. 1, § 30(a)(1) (providing that a crime victim has "the right to be treated . . . with respect for the victim's dignity and privacy throughout the criminal justice process"); TEX. R. APP. P. 9.8 cmt. ("The rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases.").

these events occurred "less and less" over time, with the last incident occurring when she was "going into sixth grade."

After Jane's outcry, she attended a forensic interview at her local Children's Advocacy Center, and records from this interview were admitted into evidence. According to these records, Jane disclosed that Diaz "touched her 'chichis' and vagina with his hand[,] . . . put his fingers in her vagina[,] . . . put his mouth on her 'chichis[,]' . . . [and] would grab her hand and put it on his 'parte[.]'" Consistent with her testimony, Jane confirmed in this interview that the last incident occurred "before 6th grade."[2]

The jury found Diaz guilty of all three counts and punished him as described above. The trial court cumulated Diaz's sentences. This appeal followed.

## II.    JURY CHARGE ERROR

By his first issue, Diaz argues that the jury charge was erroneous because it allowed the jury to convict him of continuous sexual abuse of a child based on: (1) acts that occurred less than twenty-eight days apart; (2) a predicate act not contemplated by the statute; and (3) a confusing definition of the term "child."

### A.    Standard of Review

A jury charge must instruct the jurors on the law applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 36.14. "Because the charge is the instrument by which the jury convicts, it must contain an accurate statement of the law and must set out all the essential elements of the offense." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim.

---

[2] Although several more witnesses testified, we limit our recitation of the testimony elicited at trial to that which is necessary to resolve the issues presented on appeal. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

App. 2012) (cleaned up); *Perez v. State*, 689 S.W.3d 369, 379 (Tex. App.—Corpus Christi–Edinburg 2024, no pet.). In a typical jury charge, "[a]bstract paragraphs 'serve as a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge,' and application paragraphs apply the 'pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations.'" *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022) (quoting *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012)).

"We review jury charge error under a two-pronged test, by looking first to whether the charge is erroneous." *Cyr v. State*, 665 S.W.3d 551, 556 (Tex. Crim. App. 2022). "In examining the charge for possible error, reviewing courts 'must examine the charge as a whole instead of a series of isolated and unrelated statements.'" *Vasquez*, 389 S.W.3d at 366 (quoting *Dinkins v. State*, 894 S.W.2d 330, 339 (Tex. Crim. App. 1995)). "Second, we ask whether Appellant was harmed by the error." *Cyr*, 665 S.W.3d at 556. "If the error was the subject of a timely objection, reversal is required if the error was calculated to injure the rights of the appellant, which means no more than that there must be some harm." *Reed v. State*, 680 S.W.3d 620, 625 (Tex. Crim. App. 2023). "But if there was no proper objection to the error, a reversal will be granted only if the error presents egregious harm, meaning that the appellant did not receive a fair and impartial trial." *Id.* at 625–26.

**B.    Analysis**

Diaz takes issue with the following portions of the jury charge:

1.

A person commits an offense of Continuance Sexual Abuse of a Child if:

4

(1)     During a period that is 30 days or more in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and

(2)     At the time of the commission of each of the acts of sexual abuse, the actor was seventeen (17) years of age or older and the victim is a child younger than fourteen (14) years of age.

"Act of sexual abuse" means an act that is a violation of one or more of the following penal laws:

(1)     Indecency with a child under Section 21.11(a)(1) if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child;

2.

"Indecency with a child," means a person commits an offense if, with a child younger than seventeen (17) years of age, the person engages in sexual contact with the child or causes the child to engage in sexual contact with said person.

"Sexual contact" means any touching by a person, with intent to arouse or gratify the sexual desire of any person, by:

(1)     Any touching, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or

(2)     Any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

"Child" means a person younger than 17 years of age.

. . . .

4.

You are instructed that members of the jury are not required to agree unanimously on which specific acts of sexual abuse, if any, were committed by the Defendant or the exact date when those acts were committed, if any.

5

> The jury must agree unanimously that the Defendant, during a period that was 30 or more days in duration committed two or more acts of sexual abuse as that term has been previously defined.

> 5.

> Now if you find from the evidence beyond a reasonable doubt that the Defendant, JOSE ANGEL DIAZ, did then and there, in Hidalgo County, Texas, during a period that was 30 or more days in duration, namely: from on or about September 13, 2015, through on or about August 30, 2018, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against [Jane], a child younger than 14 years of age, namely, indecency with a child by contact, then you will find the Defendant GUILTY of the offense of CONTINUOUS SEXUAL ABUSE OF A CHILD as charged in this indictment.

Diaz first argues that this language dispensed with the requirement that at least twenty-eight days elapse between the first act of sexual abuse and the second. To support a conviction for continuous sexual abuse of a child, the State must prove beyond a reasonable doubt that the defendant committed two or more acts of sexual abuse "during a period that is 30 or more days in duration." *See* TEX. PENAL CODE ANN. § 21.02(b)(1). Diaz contends that the phrase, "during a period that was 30 or more days in duration," did not clearly inform the jury that the first and last acts of sexual abuse must occur at least thirty days apart to support a guilty verdict.

We have previously concluded that this language is not erroneous, *Perez*, 689 S.W.3d at 379–80, and we are bound by the principle of horizontal *stare decisis* to follow this precedent. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) ("Under [horizontal] *stare decisis*, three-judge panels must follow materially indistinguishable decisions of earlier panels of the same court unless a higher authority has superseded that prior decision."); *see also Ortiz v. State*, No. 13-23-00082-CR, 2024 WL 2066821, at

6

*3 (Tex. App.—Corpus Christi–Edinburg May 9, 2024, pet. filed) (mem. op., not designated for publication) (following *Perez* as a matter of horizontal *stare decisis* and concluding that a similar jury instruction was not erroneous). Accordingly, we overrule Diaz's first complaint regarding the jury charge.[3]

Diaz next argues that the charge as written inappropriately authorized the jury to convict Diaz of continuous sexual abuse of a child based on the act of breast-touching. The penal code defines "acts of sexual abuse" to include violations of one or more of eight criminal offenses. *See* TEX. PENAL CODE ANN. § 21.02(c)(1–8). However, breast-touching is explicitly excluded from that list. *See id.* § 21.02(c)(2) (providing that indecency with a child by sexual contact is a predicate offense "if the actor committed the offense in a manner *other than* by touching, including touching through clothing, the breast of a child" (emphasis added)).

The abstract paragraphs correctly instructed the jury that indecency with a child by any means other than breast-touching is a predicate "act of sexual abuse" for purposes of continuous sexual abuse. *See id.* Consistent with the penal code, the abstract portion

---

[3] We note that Diaz argues in the alternative that this alleged jury charge error was either "fundamentally erroneous" or "egregiously erroneous." Given our resolution of this sub-issue—i.e., that no error occurred—we need not address whether either adverb is appropriate. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

Nonetheless, we endeavor to clarify that the concepts of "fundamental error" and "egregious harm" are interrelated in the context of jury charge error. *See, e.g.*, *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006) ("[S]uch a jury-charge error is regarded as 'fundamental'—that is to say, it may subject the conviction to reversal on appeal regardless of whether the appellant raised an objection to it in the trial court—if that error caused the appellant 'egregious harm.'"); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g) ("[I]f no proper objection was made at trial and the accused must claim that the error was 'fundamental,' he will obtain a reversal only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'—in short 'egregious harm.'"). As such, framing them in the alternative mistakes their meaning in the law.

then also defined the term "indecency with a child" to include "[a]ny touching, including touching through clothing, of the anus, breast, or any part of the genitals of a child." *See id.* § 21.11. The application portion of the charge asked the jury to consider whether the evidence proved beyond a reasonable doubt that Diaz "commit[ted] two or more acts of sexual abuse against [Jane], . . . namely, indecency with a child by contact." The application paragraph did not explicitly state that the indecency offenses must have been committed in a manner "other than by touching, including touching through the clothing, the breast of a child." *See id.*

We considered similar arguments in *Lopez v. State* and held that the charge was not erroneous. *See Lopez v. State*, No. 13-19-00601-CR, 2022 WL 3257484, at *3–4 (Tex. App.—Corpus Christi–Edinburg Aug. 11, 2022, pet. ref'd) (mem. op., not designated for publication) (concluding that "[t]he jury charge did not contain error").[4] Some of our sister courts have also considered similar language in jury charges and concluded either that the language was not erroneous or, after assuming without deciding that error occurred, that the language was not harmful. *See Brown v. State*, No. 04-23-00081-CR, 2024 WL 3167354, at *2–3 (Tex. App.—San Antonio June 26, 2024, no pet. h.) (mem. op., not designated for publication) (assuming without deciding that a similar charge was erroneous and concluding that no egregious harm occurred); *EspinalCruz v. State*, No.

---

[4] We note that counsel in the instant case was the counsel of record in *Lopez v. State*. No. 13-19-00601-CR, 2022 WL 3257484, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 11, 2022, pet. ref'd) (mem. op., not designated for publication). Indeed, in her brief, counsel at one point mistakenly refers to Diaz as "Lopez." Nonetheless, counsel did not cite to or discuss *Lopez v. State*, prior authority from our Court, in her analysis of the same issue in this case. We remind counsel that she owes a duty of candor to this Court, and she must not knowingly "fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." TEX. DISCIPLINARY RULES PROF'L CONDUCT 3.03(a)(4). Giving counsel the benefit of the doubt, we presume that the omission of *Lopez* was inadvertent.

05-22-00626-CR, No. 05-22-00627-CR, 2023 WL 8615813, at *4 (Tex. App.—Dallas Dec. 13, 2023, no pet.) (mem. op., not designated for publication) (analyzing a similar complaint regarding the jury charge's definition of "sexual contact" in a continuous sexual abuse case and concluding that no error occurred); *Lovell v. State*, No. 11-22-00099-CR, 2023 WL 4937493, at *3 (Tex. App.—Eastland Aug. 3, 2023, no pet.) (mem. op., not designated for publication) (assuming without deciding that a similar charge was erroneous and concluding no egregious harm occurred); *cf. Schmidt v. State*, No. 03-22-00444-CR, 2024 WL 735176, at *8 (Tex. App.—Austin Feb. 23, 2024, pet. ref'd) (mem. op., not designated for publication) ("[T]he charge failed to instruct the jury that the statutory definition of 'act of sexual abuse' excluded touching a child's breast. Consequently, the charge was erroneous.").

The jury was explicitly instructed that breast-touching did not constitute an "act of sexual abuse." *See* TEX. PENAL CODE ANN. § 21.02(c)(2). Unless the record indicates otherwise, which in this case it does not, we must presume that the jury understood and followed the court's instructions. *See Taylor v. State*, 332 S.W.3d 483, 492 (Tex. Crim. App. 2011). Accordingly, we conclude that no error occurred, and we overrule this sub-issue. *See id.*; *see also Lopez*, 2022 WL 3257484, at *3–4; *EspinalCruz*, 2023 WL 8615813, at *4.

Third, Diaz argues that the charge's definition of "child" to mean a person under the age of seventeen was erroneous. For a continuous sexual abuse of a child conviction, it must be shown that the child was under the age of fourteen at the time of each predicate act. TEX. PENAL CODE ANN. § 21.02(b)(2)(A). The jury charge defined "child" in a manner

9

consistent with the continuous sexual abuse of a child statute's definition; that is to say, it defined the term to mean a person younger than seventeen. *See id.* §§ 21.02(a)(1); 22.011(c); *Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996) ("Following the law as it is set out by the Texas Legislature will not be deemed error on the part of a trial judge."). However, the application paragraph only permitted a conviction if the child in question was under the age of fourteen at the time of each predicate act. Diaz argues that these instructions were confusing, but because we must assume the jury understood and followed the trial court's instructions in the absence of evidence to the contrary, we conclude no error occurred here. *See Taylor*, 332 S.W.3d at 492. We overrule this sub-issue.

Finally, Diaz argues that the cumulative effect of the jury charge errors constitutes reversible error. "It is conceivable that a number of errors may be found harmful in their cumulative effect." *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999). However, Diaz has failed to prove that jury charge error occurred, and non-errors cannot support a finding of cumulative harm. *See id.*; *Buntion v. State*, 482 S.W.3d 58, 79 (Tex. Crim. App. 2016) ("[A]ppellant has failed to prove error concerning each of these claims separately, and so we find no cumulative harm."). Accordingly, we overrule Diaz's first issue in its entirety.

### III. DOUBLE JEOPARDY

By his second issue, Diaz argues his convictions for continuous sexual abuse and aggravated assault violates double jeopardy.[5] The State concedes error.

---

[5] Diaz does not challenge his conviction for indecency with a child by contact.

10

"The Fifth Amendment guarantee against double jeopardy protects 'against multiple punishments for the same offense.'" *Price v. State*, 434 S.W.3d 601, 609 (Tex. Crim. App. 2014) (quoting *Whalen v. United States*, 445 U.S. 684, 688 (1980)). "In the multiple-punishments context, two offenses may be the same if one offense stands in relation to the other as a lesser-included offense, or if the two offenses are defined under distinct statutory provisions but the Legislature has made it clear that only one punishment is intended." *Littrell v. State*, 271 S.W.3d 273, 275–76 (Tex. Crim. App. 2008).

The Texas Court of Criminal Appeals has held that the language of the continuous sexual abuse of a child statute "reflects that the Legislature clearly intended to disallow dual convictions for the offense of continuous sexual abuse and for offenses enumerated as 'acts of sexual abuse' when based on conduct against the same child during the same period of time." *Price*, 434 S.W.3d at 606. As such, dual convictions for continuous sexual abuse and a predicate "act of sexual abuse" violate double jeopardy, "unless the latter occurred during a different period of time." *Id.*

As the State acknowledges, Diaz's conviction for aggravated sexual assault of a child was based on a predicate "act of sexual abuse" alleged to have occurred during the time period in which the continuous-sexual-abuse offense was committed. Accordingly, we agree with the parties that Diaz's dual convictions violate principles of double jeopardy. *See id.*

"When a multiple-punishment violation occurs, 'the remedy is to affirm the conviction for the most serious offense and vacate the other convictions.'" *Perez*, 689 S.W.3d at 382–83 (quoting *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008)).

11

"Generally, the most serious offense is 'the offense in which the greatest sentence was assessed.'" *Id.* at 383 (quoting *Bigon*, 252 S.W.3d at 373). The greatest punishment assessed in this case was for continuous sexual abuse of a child. Therefore, we retain that conviction and vacate Diaz's conviction for aggravated sexual assault of a child. *See id.*

## IV. CONCLUSION

We affirm the convictions for continuous sexual abuse of a child and indecency with a child by contact and vacate Diaz's conviction for aggravated sexual assault of a child.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
15th day of August, 2024.