**Affirmed and Memorandum Opinion filed October 22, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00534-CR

**JESUS RODRIGUEZ TORRES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1765718**

## MEMORANDUM OPINION

Appellant challenges his conviction for continuous sexual abuse of a young child, arguing in two issues that the evidence is insufficient to support the conviction, and that the trial court erred by denying requested instructions for a lesser-included offense. For the reasons given below, we overrule both of these issues and affirm the trial court's judgment.

## BACKGROUND

After appellant separated from the mother of his two children, his daughter outcried that he had touched her inappropriately. Later, his son made a separate outcry, alleging that appellant had also touched him inappropriately, and that appellant had further made the son engage him in oral sex.

The mother reported the outcries to authorities, and appellant was then charged with continuous sexual abuse of a young child. He pleaded not guilty to that charge, and his case proceeded to a trial by jury, where he was convicted and had his punishment assessed at forty-three years' imprisonment.

## SUFFICIENCY OF THE EVIDENCE

In a sufficiency challenge, a reviewing court must determine whether a rational trier of fact could have found the essential elements of an offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). The offense here was continuous sexual abuse of a young child, which has two essential elements: (1) during a period that is thirty or more days in duration, the defendant commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and (2) at the time of the commission of each of the acts of sexual abuse, the defendant is seventeen years of age or older and the victim is a child younger than fourteen years of age. *See* Tex. Penal Code § 21.02(b).

Even though both of appellant's children were under the age of fourteen at the time of the alleged acts of sexual abuse, the indictment alleged that appellant committed the continuous sexual abuse against only his son. Accordingly, the prosecution had the burden of proving beyond a reasonable doubt that appellant committed two or more acts of sexual abuse against his son during a period of thirty

or more days in duration. In deciding whether the prosecution satisfied that burden, we consider all of the evidence in the light most favorable to the verdict. *See Powell v. State*, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006).

At the time of trial, the son was twelve years old, and he testified that appellant had sexually abused him on two prior occasions. On the first occasion, the son said that, when he was six or seven years old (before his parents' separation), appellant touched the son's penis when they were both in bed together. On the second occasion, the son said that, when he was ten years old (during a period when appellant was granted visitation), appellant put his penis in the son's mouth and made the son perform oral sex. This testimony, by itself, was sufficient to support every essential element of continuous sexual abuse of a young child. *See* Tex. Code Crim. Part. art. 38.07.

Appellant does not dispute in his brief that the evidence is sufficient to support a finding that he committed at least two acts of sexual abuse against his son, and that his son was younger than fourteen years of age at the time of both of those acts. However, appellant contends that his son's testimony about that the timing of those acts cannot be believed, and that absent credible testimony that the acts occurred during a period that was thirty or more days in duration, the conviction must be reversed.

Appellant bases his argument on a number of conflicts in the evidence. For example, he points to testimony from the mother, who said that the son made his outcry when he was ten years old, which she claimed was five or six years after the sexual abuse, and which would have made the son between four and five years old at the time of the offense—not between the ages of six and ten, as the son had separately testified. Appellant also refers to the testimony of a doctor who examined the son. According to the doctor, the son claimed that the sexual abuse began when

3

he was seven years old, and it ended when he was eight—which likewise differs from the son's testimony. Appellant finally refers to one part of his son's testimony that he last saw his father when he was six years old—which conflicts both with the mother's testimony that the visitation ended when the son was seven years old, and with the son's other testimony that appellant abused him when he was ten.

In light of all of these conflicts, appellant contends that a reasonable fact finder could not conclude that he committed the two acts of sexual abuse in a period of thirty or more days in duration. Instead, appellant selectively chooses evidence showing that the abuse happened when his son was seven or eight years old, and he contends that a jury would have to speculate as to the exact dates of those acts before making the necessary finding that the period between them was at least thirty days.

But no speculation was required here, because as we already stated, the son testified that the abuse happened several years apart, which is necessarily longer than thirty days. *See* Tex. Penal Code § 21.02(d) (providing that the prosecution is not required to prove the exact dates of the sexual abuse). And under our standard of review, we must defer to the son's testimony, notwithstanding any conflicts in the evidence, because that testimony supports the jury's verdict. *See Edward v. State*, 635 S.W.3d 649, 656 (Tex. Crim. App. 2021) ("When faced with conflicts in the evidence, a reviewing court shall presume that the fact finder resolved those conflicts in favor of the verdict and defer to that determination.").

For all of the foregoing reasons, we conclude that the evidence was sufficient to support every essential element of the offense beyond a reasonable doubt.

## LESSER-INCLUDED OFFENSES

During the charge conference, defense counsel requested the inclusion of two instructions for lesser-included offenses, the first being indecency with a child, and

4

the second being aggravated sexual assault of a child. Counsel explained that appellant was entitled to the instructions because "if the jury determines that the testimony was not [sic] credible to one act but not the other, then that's a finding they could find on the lesser included." The trial court denied the requests, and appellant now complains of that ruling.

A trial court reversibly errs by denying a requested instruction for a lesser-included offense if (1) the lesser offense is included within the proof required of the charged offense, and (2) there is some evidence from which a rational jury could acquit the defendant of the charged offense while convicting him of the lesser offense. *See Segundo v. State*, 270 S.W.3d 79, 90–91 (Tex. Crim. App. 2008).

The first part of this test is satisfied. Indecency with a child and aggravated sexual assault of a child are predicate offenses for continuous sexual abuse of a young child, which means that they will always be lesser-included offenses of that greater offense. *See* Tex. Penal Code § 21.02(c)(2), (4) (defining "act of sexual abuse" to include those lesser-included offenses); *Price v. State*, 434 S.W.3d 601, 606 (Tex. Crim. App. 2014) (noting parenthetically that a predicate offense will "always" be a lesser offense of continuous sexual abuse of a young child).

However, the second part of the test is not satisfied. Even when the record is viewed in the light most favorable to the requested instructions, there is no evidence that would negate the greater offense but support either of the lesser offenses. For instance, there was no testimony from any witness that appellant had sexually abused his son just once, instead of twice.

Defense counsel argued during the charge conference that the lesser offenses could be supported if the jury disbelieved one of the acts of sexual abuse. But disbelief is not sufficient to raise a lesser offense. There must affirmative evidence that both negates the greater offense and raises the lesser offense. *See Skinner v.*

5

*State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997) ("It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. Rather, there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted.").

Appellant alternatively argues in his brief that the lesser offenses were raised because there was no evidence that the two alleged acts of sexual abuse were committed in a period of thirty or more days in duration. This argument merely rehashes appellant's sufficiency challenge, which we rejected in the previous discussion of this opinion.

Absent some affirmative evidence that would permit a rational jury to acquit appellant of the charged offense but convict him of either of the lesser offenses, we conclude that the trial court did not err by denying the requested instructions.

## CONCLUSION

The trial court's judgment is affirmed.

/s/ Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.
Do Not Publish – Tex. R. App. P. 47.2(b).